RUSSELL, Judge.
This is a child custody case.
Following an ore tenus hearing, the trial court awarded legal and physical custody to the maternal grandmother of the minor child. The mother then filed a motion to set aside judgment based on the trial court’s award of custody to a non-parent absent a finding that the mother was unfit. Subsequently, the trial court entered a new judgment, finding the mother unfit as a result of her willful and intentional act of keeping the minor child out of school, by failing to keep the family home in a clean and sanitary manner, and by exposing the child to circumstances contrary to the child’s best interests, including the alleged use of cocaine by the child’s stepfather while in her presence. The mother appeals. We affirm.
The dispositive issue on appeal is whether the trial court erred in finding the mother to be unfit and in granting custody of the child to her maternal grandmother. Initially, we note that when testimony is *1128 presented ore tenus, there is a strong presumption that the trial court’s ruling with regard to child custody is correct. Turquitt v. Turquitt, 506 So.2d 1014 (Ala.Civ.App.1987). Because the trial judge is in a position to observe and to hear the evidence personally, we will not reverse on appeal unless the ruling is so unsupported by the evidence that it constitutes an abuse of discretion and is, therefore, clearly and palpably wrong. Flowers v. Flowers, 479 So.2d 1257 (Ala.Civ.App.1985).
In child custody cases especially, the perception of an attentive trial judge is a critical element, and this court cannot substitute its judgment for that of the trial court if, from the evidence, there is any reasonable inference that the trial court’s decision is correct. Williams v. Williams, 402 So.2d 1029 (Ala.Civ.App.1981).
We note also that, although this case involves a grant of custody in favor of a non-parent, the standard annunciated in Ex parte Terry, 494 So.2d 628 (Ala.1986), has clearly been met. There the court held that the prima facie right of a natural parent to the custody of his or her child, as against the right of custody in a non-parent, is overcome by competent evidence which supports a finding that such parent is unfit.
In the instant appeal, the trial court specifically found the natural mother to be unfit and set out the evidence on which it based its determination. First, the court found that the mother intentionally kept the minor child from attending school, resulting in the child’s being forced to repeat a year of school. There was testimony by the child’s former teacher that the child was absent approximately thirty-five days and that such excessive absence contributed to the decision to have her repeat the third grade. Furthermore, the child testified that these absences were not due to illness, but rather to the mother’s wish that the child remain at home and assist in caring for her younger sister.
Second, the court found that the mother failed to keep the home in which the child lived in a clean and sanitary manner. Both the grandmother and the mother’s brother testified that the home was dirty and unkempt. Although the mother refuted this testimony, the trial judge has sole discretion to measure the weight and credibility of the evidence before him. Fassina v. Fassina, 401 So.2d 113 (Ala.Civ.App.1981).
Last, the court found that the child was exposed to circumstances contrary to her best interests, particularly witnessing the use of cocaine by her stepfather within the family home. The child, after being found competent as a witness, testified that she had witnessed such illegal acts on several occasions.
Consequently, we find no error in the trial court’s finding the mother to be unfit and in awarding the grandmother full legal and physical custody of the child. This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.