THIGPEN, Judge.
This is a custody case.
In February 1992, G.T.R. (father) filed a petition to modify a divorce judgment of December 1991, wherein U.D.R. (mother) was awarded custody of the parties’ two minor sons. The father alleged that the mother’s boyfriend (husband), whom she eventually married, had sexually abused the parties’ younger son. That petition was denied. In August 1992, the father filed another petition to modify regarding custody, alleging other acts of sexual abuse of the child by the husband and other male acquaintances of the mother. The mother answered and counterclaimed. After ore tenus proceedings, the trial court reaffirmed all provisions of the divorce judgment. The father’s post-judgment motion was denied. Hence, this appeal.
The father contends on appeal that the trial court abused its discretion in not removing the minor children from the mother’s home because of the allegations of sexual abuse.
Initially, we note that when there has been a prior custody determination, the non-custodial parent seeking to change custody bears the stringent burden of proving that a change in custody will materially promote the child’s best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). Additionally, the non-custodial parent must show that the benefits of changing the child’s custody would outweigh the inherently disruptive effect of uprooting the child. McLendon, supra. Furthermore, “[wjhere the trial court has heard ore tenus evidence in a child custody case, an appellate court presumes the court’s findings to be correct and will not reverse absent a showing of clear abuse of discretion or plain error.” Ex parte P.G.B., 600 So.2d 259, 261 (Ala.1992).
It appears of record that allegations of sexual abuse arose when the father reported to the Huntsville Police Department that the child was allegedly taken from a day care facility by a male friend of the mother. The child was allegedly sexually abused and returned to the facility later that same day. A facility worker initially indicated that a man whom she believed to be the child’s father had picked up the child on that day. She later testified, however, that she had mistaken another child for this child, and that she now was certain that this child had not been taken from the facility that day.
The father admitted making threats to the mother indicating a desire for retribution. The record reveals that since the divorce, a pattern of multiple accusations have been made by the father against the mother regarding abusive behavior, including child and animal abuse. Many of his accusations were investigated by the appropriate authorities and were proven to be unfounded. He accused the mother of physical abuse of the parties’ two minor sons. These allegations were investigated by the Madison County Department of Human Resources, determined to have been unfounded, and dismissed. Criminal charges resulting from the father’s accusations regarding another incident of alleged sexual abuse were investigated by a Madison County Grand Jury and dismissed. The father also admitted to sending letters to a U.S. Senator, the Governor of Alabama, and the Alabama Attorney General regarding his allegations of sexual abuse.
There was testimony indicating that the father has a violent temper, that he frequently carries a gun, and that he has a history of alcohol abuse. The father denies any alcohol abuse; however, he testified that he has received psychological counseling and that he is *497 currently taking prescribed anti-depression drugs. The father admitted that he severely assaulted the mother in October 1991, and he expressed remorse for the incident. The record contains evidence that the father made a complaint to military officials that the mother had threatened his life. The mother’s current husband is a member of the military service.
The younger son, who was four years old at the time of trial, was called to testify about the alleged incidents of abuse, but he was unable to communicate his full name or his birthday. His verbal response to many questions was that he did not know or he did not remember, and his physical response to most questions was merely nodding or shaking his head, or shrugging his shoulders. In response to several questions regarding whether the husband had ever hurt him or touched him in an improper way, he indicated by shaking his head or saying “no.”
Although several therapists testified that they believed the child had been sexually abused, there was sufficient evidence for the court to discount this testimony, especially in view of the obvious pressures placed on the child by both parents. The record indicates that the child told counselors that his father told him to say that he had been touched improperly, while the mother told him to say that he had not been touched improperly. One counselor testified that, generally, when the father brought the child to sessions, the child said he had been sexually abused, but when the mother brought the child to sessions, the child said that he had not been abused. The counselors testified that their opinion that the child had been abused was primarily based on the statements by the child that he had been abused.
An expert’s opinion, even if uncontro-verted, is not conclusive on the trier of fact; instead a trial court must look to the entire evidence and its own observations in deciding factual issues. See Williams v. City of Northport, 557 So.2d 1272 (Ala.Civ.App.1989). The trier of fact determines the weight and credibility to be attributed to an expert’s opinion. See Clark Lumber Co. v. Thornton, 360 So.2d 1019 (Ala.Civ.App.1978).
The presumption of correctness in a trial court’s ruling where evidence is presented ore tenus is especially applicable where, as here, the evidence is conflicting. Ex parte P.G.B., supra. “The reason for the ore tenus rule is well-established, i.e., that the trial court had the opportunity to observe witnesses as they testified, to judge their credibility and demeanor, and to observe what this court cannot perceive from a written record.” Dobbins v. Dobbins, 602 So.2d 900, 901 (Ala.Civ.App.1992). The perception of an attentive trial judge is especially critical in a child custody case. This court is not permitted to substitute its judgment on appeal for that of the trial court if, from the evidence, there is any reasonable inference that the trial court’s decision is correct. Jones v. Wright, 555 So.2d 1127 (Ala.Civ.App.1989).
There is sufficient record evidence to support the trial court’s decision that the father simply failed to meet his burden of proof. After a thorough review of the record, applying the appropriate standards to the case sub judice, we cannot find that the trial court erred. Therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.