CRAWLEY, Judge.
This is a child custody modification case.
The parties were divorced in June 1987. Pursuant to an agreement incorporated into the divorce judgment, the parties were given joint custody of their three minor children. On July 14, 1988, the circuit court granted a joint petition for modification, which, by agreement of the parties, provided that the father would have sole custody of the three children.
On November 2, 1993, the mother filed a petition for modification. Pursuant to the parties’ agreement, the mother was awarded custody of the two older children — D., a 17-year-old girl, and J., a 14-year-old boy. The father retained custody of the youngest child, L., an 11-year-old girl.
Less than two months later, the mother, alleging that the father had interfered with her visitation rights, filed a contempt petition. The father, also alleging visitation problems, filed a counterpetition asking that the mother be found in contempt. In April 1994, the mother amended her petition to request custody of L., the youngest child.
The mother alleged that she had recently discovered evidence that the father had sexually abused D., the older daughter, beginning *1334 when D. was 12 years old, and that she (the mother) feared the father would also sexually abuse L., the younger daughter, who was then almost 12 years old, if the father retained custody of L.
D., the parties’ older daughter, who was 18 years old at the time of trial, testified that her father had sexually abused her three or four times a week for several years, beginning when she was 12 or 13 years old and ending when she went to live with her mother at the age of 15. D. stated that, although she did not tell her mother about the abuse for a long time, she had told a girlfriend three years earlier, and the girlfriend’s mother one and one-half years earlier. Both the girlfriend and the girlfriend’s mother were called as witnesses; they stated that D. had made allegations of sexual abuse against her father to them.
Dr. Miriam Cosper, a psychologist who had interviewed all three of the parties’ children, testified that D. told her that she had been sexually abused by her father. Dr. Cosper stated that, based on her experience with other victims of sexual abuse, she thought D.’s allegations were credible. Dr. Cosper recommended that custody of the younger daughter, L., be awarded to the mother. She based that recommendation upon her belief that L. had a stressful relationship with her stepmother and that she did not feel free, in her father’s home, to “express desire to see her mother, be with her mother, wear things from her mother’s home, talk to her mother on the telephone and ... this conflict ... is tearing her up emotionally.” The psychologist testified that, because of the emotional conflict she observed in L., she would recommend a change in custody even without the allegations of sexual abuse against the father.
L., the parties’ youngest child, who was 12 years old at the time of trial, testified with only the trial judge, the court reporter, and the guardian ad litem present. She stated that she had been living with her father since she was 4 years old. She said that she was happy living with her father and that she wanted to continue to live with him. She admitted that she had told Dr. Cosper about some problems she had with her father and stepmother, but she testified that those problems were temporary and that they had been resolved. L. said that she had not told Dr. Cosper about the resolution of those problems, nor had she told Dr. Cosper she wanted to live with her father. On cross-examination by the guardian ad litem, L. said that she was aware of her older sister’s allegations of sexual abuse by her father, but she stated that her father “hasn’t done anything” to her.
The father denied the allegations of sexual abuse by D. He testified that he had met once with a representative of the Department of Human Resources (DHR) to discuss the charges. After that meeting, he said, he had had no further dealings with DHR.
After an ore tenus proceeding, the trial court denied all relief sought by the mother and continued custody of L. with the father. On appeal, the mother claims that the trial court’s decision was plainly and palpably wrong because, she says, it was contrary to the evidence and contrary to the advice of the guardian ad litem and the mother’s expert psychological witness, both of whom recommended that the mother obtain custody of L.
“An expert’s opinion, even if uncontro-verted, is not conclusive on the trier of fact; instead a trial court must look to the entire evidence and its own observations in deciding factual issues. See Williams v. City of Northport, 557 So.2d 1272 (Ala.Civ.App.1989) [cert. denied, 498 U.S. 822, 111 S.Ct. 71, 112 L.Ed.2d 45 (1990)]. The trier of fact determines the weight and credibility to be attributed to an expert’s opinion. See Clark Lumber Co. v. Thornton, 360 So.2d 1019 (Ala.Civ.App.1978).”
G.T.R. v. U.D.R., 632 So.2d 495, 497 (Ala.Civ.App.1993).
In this case, the trial court could well have determined that Dr. Cosper’s opinion was entitled to little weight in light of the following facts: (1) L. stated that she had not told Dr. Cosper everything; (2) L. said that the problems she had told Dr. Cosper about had been resolved; and (3) prior to trial Dr. Cosper had not interviewed the father or stepmother. See McCord v. Green, 555 So.2d 743 (Ala.1989) (wherein the court observed that testimony of expert witnesses was “to some degree speculative,” because it *1335 was partially based on incomplete or assumed facts).
In another custody proceeding involving allegations of sexual abuse, our Supreme Court stated:
“Where the trial court has heard ore tenus evidence in a child custody case, an appellate court presumes the court’s findings to be correct and will not reverse absent a showing of clear abuse of discretion or plain error. The presumption is especially applicable where the evidence is conflicting, as it was in this case. An appellate court will not reverse the trial court’s judgment unless it is based on findings so poorly supported by the evidence as to be plainly and palpably wrong.”
Ex parte P.G.B., 600 So.2d 259, 261 (Ala.1992) (citations omitted). The trial judge, who observed the witnesses and heard their testimony, specifically said the following about L.:
“I want to make the observation for the record ... that this is a very bright, articulate 12 year old ... in fact, probably in the top one percent of bright, articulate, mature 12 year olds I have ever spoken with. There is no silliness, there is no stumbling or stammering, that she can look you in the eye, which she has, and tell me what she thinks and I want the Court of Appeals, if need be, to know that I am incredibly impressed with the way she communicates. It is remarkable-”
Regarding the sexual abuse allegations by the older daughter, D., the trial court specifically noted:
“The Court observes that no allegations arose from the oldest child until after that child found out that the [mother] had voluntarily abandoned her earlier effort to obtain custody of the youngest child. Other than the assertion by the child, there was no collaborating substantive evidence of the allegations of any nature. There was no medical or expert testimony or evidence to substantiate any claims, and, from the evidence before the Court, no action has been taken by any law enforcement agency or by DHR. While not commenting in any fashion on the oldest child’s testimony, this Court can and will only consider competent, material testimony and not base any decision on conjecture or speculation.”
(Emphasis in original.) In the present ease, the mother bore the heavy burden of proving that a change of custody would “materially promote the welfare and best interest of [L.]” so as to offset the inherently disruptive effect of removing her from her father. Ex parte McLendon, 455 So.2d 863, 866 (Ala. 1984). After considering all the evidence, the trial court concluded that the mother had not met that burden. We cannot say that the trial court’s findings are plainly and palpably wrong or that they constitute an abuse of discretion or plain error. Each party’s request for an attorney fee is denied.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.