CRAWLEY, Judge.
Janice J. McConnell (the “mother”) and Terry K. McConnell (the “husband”) were married in March 1990. They have two children. In .October 1997, they separated. In January 1998, the trial court divorced them, awarding joint custody of the minor children, with primary physical custody being placed in the father, and ordering the mother to pay $765 per month in child support and to pay 50% of the children’s private school tuition. The mother appeals.
The mother first argues that the trial court abused its discretion in awarding primary physical custody of the minor children to the father. She contends that she was the children’s primary caregiver and that the trial court is punishing her for being the family’s financial supporter. The mother is a nurse who works 8- and 12-hour shifts. She contends that the father has rarely held a steady job and that he does not know how to give his children medicine or how to trim their fingernails. However, she did testify that the father would be a capable parent.
The father testified that he had assumed the role of primary caregiver during most of the marriage. He explained that he fed the children, bathed them, and transported them to school or day care. He also testified that he felt that the mother was more career-oriented than he was. He did testify that the mother was capable of raising the children. He stated that his children were his priority and that his wife’s priority appeared to be her career.
“The polestar in custody matters ... is ... the best interest of the child. The one first charged with following that star is the trial judge. He or she is the one closest to *80 the scene and the protector of the children until they become adults. That responsibility is awesome and must weigh heavily upon the bearer. It is in recognition of that burden, that our appellate courts presume that the trial judge, who observed the parties and heard the testimony of the witnesses, correctly discharged his responsibility. In only the instance of clear and palpable abuse of the discretion granted, should a reviewing court on appeal disturb the judgment of the trial judge.”
Smith v. Smith, 448 So.2d 381, 383 (Ala.Civ.App.1984).
When a trial court bases a decision on ore tenus evidence, this court will presume that the decision is correct. G.T.R. v. U.D.R., 632 So.2d 495, 497 (Ala.Civ.App.1993). The ore tenus presumption is based in part on the trial court’s ability to see and hear the witnesses before it and to make judgments concerning their credibility. G.T.R., 632 So.2d at 497. The trial court heard the conflicting testimony in this case concerning the parties’ roles in raising the children, and it alone has the duty to resolve those conflicts. Jones v. LeFlore, 421 So.2d 1287, 1288 (Ala.Civ.App.1982); see also Kennedy v. Kennedy, 656 So.2d 1213, 1215 (Ala.Civ.App.1995). In addition, because the record indicates the either parent would be a capable parent, this court must defer to the trial court’s custody decision. Bates v. Bates, 678 So.2d 1160, 1162 (Ala.Civ.App.1996). Therefore, we must affirm the trial court’s order granting the father primary physical custody.
The mother also argues that the trial court erred by requiring her to pay 50% of the children’s private school tuition in addition to her regular child support payment. Rule 32(C)(4), Ala. R. Jud. Admin., states:
“In addition to the recommended child support order, the trial court may make additional awards for extraordinary medical, dental, and educational expenses if (i) the parties have in writing agreed to such awards, or (ii) the court, upon reviewing the evidence, determines that such awards are in the best interest of the children and states its reasons for making such additional awards.”
(Emphasis added.) The trial court’s judgment fails to state the reasons for requiring the mother to pay the extraordinary educational expenses. In light of the trial court’s failure to state those reasons, we must reverse that portion of the trial court’s judgment ordering the mother to pay the tuition and remand the cause to the trial court with instructions to state the reasons for the award.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and THOMPSON, JJ., concur.