Defendants appeal from an order denying their motion for new trial or, in the alternative, JNOV.
We affirm.
Plaintiffs sued the defendants for damages for personal injuries and property damage arising out of an automobile accident. Defendants filed a counterclaim for damage to their vehicle.
The case was tried to a jury, which returned a verdict in favor of the plaintiffs and against the defendants on both the plaintiffs' claim and the defendants' counterclaim on February 3, 1982.
Defendants filed their motion for new trial on March 1, 1982. The motion was set for hearing on March 23, 1982, but no hearing was held on that date, and no order was entered continuing the hearing to a date certain. Significantly, no evidence by affidavit or otherwise was offered in support of the motion, neither on the day set for hearing nor at any time prior to May 31, 1982, when the same was overruled by operation of law. Alabama Rules of Civil Procedure, Rule 59.1.
Thereafter, without notice to the plaintiffs and after notice of appeal was filed, the defendants sought to supplement the record on appeal by including evidence in support of their motion for new trial. The trial court first allowed the motion but thereafter set its order aside and vacated the same because the evidence sought to be included in the record on appeal was never offered in the trial court.
Defendants now claim error by the trial court in two particulars: First, in not granting a new trial because of alleged misconduct on the part of a juror; and second, in vacating its order allowing the record on appeal to be supplemented. Assuming that the evidence offered, after notice of appeal was filed, in support of the *Page 622 
motion for new trial was sufficient to require a new trial, which we do not decide, it came too late and was not properly presented to the trial court. Defendants merely sought to include in the record on appeal, and ask us to review, evidence which was never presented to the trial court. This we cannot do. We review alleged error of the trial judge only. In the posture of the case before us, there is nothing to review.
The defendants' motion for new trial was denied as a matter of law on the ninety-first day after it was filed.* Nothing in support of the motion was filed by the defendant prior to its denial. No additional post-trial motion was filed under ARCP 60 or otherwise. The defendants merely filed a notice of appeal from the judgment by operation of law under ARCP 59.1.
They then sought to supplement the record on appeal by including matter not before the trial court. Rule 10 (f), Alabama Rules of Appellate Procedure, does allow the record on appeal to be supplemented, but only to include matters which were in evidence at the trial level and inadvertently omitted from the record on appeal. This rule was never intended to allow matter to be included in the record on appeal which was not before the trial court.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES, SHORES and BEATTY, JJ., concur.
* Rule 59.1, ARCP, provides that such motions, if not ruled upon by the trial judge, are deemed denied by operation of law as of the ninetieth day; in this case, the ninetieth day was a Sunday, and under Rule 6, ARCP, the motion would have been carried over to the ninety-first day.