JAMES S. GARRETT, Circuit Judge.
Appellant was convicted by a Lowndes County jury of the offense of manslaughter and sentenced to a term of five years.
*180 The evidence revealed that on November 6, 1981, Deputy Sheriff Julius Bennett of the Lowndes County Sheriff’s Department, received a radio dispatch directing him to the home of the appellant. On arrival, he found several people in front of the house, and his investigation revealed the body of a James Thorn on a bedroom floor, at the foot of a bed. The deputy observed no signs of a struggle. A further investigation led to the recovery of a small handgun from a clothes basket inside the home. It was further brought out by the evidence that the deceased was the husband of the appellant in this ease and they both lived at this address with the mother of the appellant, Mrs. Lagrand Alexander.
Additional testimony given by Lagrand Alexander, a prosecution witness, established that the deceased had threatened the appellant before the shooting occurred. It would appear further from the testimony of the witnesses that the appellant shot the deceased with the small handgun while it was still in the purse of the appellant.
The State further presented a witness, Lonny Ray Hardin, who was established as an expert in the fields of firearm and tool mark identification and who testified as an expert in this case. Mr. Hardin’s testimony revealed that the firearm was in fact discharged while inside the appellant’s purse. Blood stains of the same type as the blood of the deceased were found on the back of the appellant, which indicated that the victim was behind the defendant at the time the fatal shot was being fired.
At the close of the State’s case, the appellant presented one witness, a Mrs. Washington, who testified that in the community in which she resided the appellant enjoyed a good reputation, as well as a good reputation for being peaceful. The State, over the objection of the appellant, called a rebuttal witness, who was allowed to testify as to a specific incident which occurred at some time during the year 1980 or 1981, wherein it is alleged that the appellant had threatened the witness that, “If you said anything about my brother, I am going to take this pistol and juge [sic] it up your nose and blow your damn head off.”
The first issue raised by the appellant on appeal concerned the judge’s allowing the State to call a rebuttal witness. This witness testified about a specific act allegedly committed by the appellant prior to the commission of the instant offense. This testimony contradicted the defendant’s earlier testimony regarding her reputation. It is stated as a general rule in C. Gamble, McElroy’s Alabama Evidence § 27.02(1) (3d ed. 1977), that the prosecution may not take the initiative in its case in chief to introduce any evidence of the accused’s bad character, either generally or specifically. However, if the defense calls character witnesses to testify as to the accused’s general reputation for a specific trait which is germane to the crime for which he is being prosecuted, the State in rebuttal of such testimony may prove that the accused had a bad reputation for the specific trait brought out by the defense. The ease of Smith v. State, 38 Ala.App. 23, 80 So.2d 302 (1954), holds that when the accused introduces evidence of general good character, the State may introduce evidence of his bad reputation for the particular trait or conduct involved in the offense. The Smith case expanded the rule as set out in Vaughn v. State, 17 Ala.App. 35, 81 So. 417 (1919), wherein the court held that after evidence has been introduced as to general character, either good or bad, negative evidence as to the particular phase in which character is put in issue is admissible; however, such evidence was confined to specific traits involved in the charge. In Pierce v. State, 228 Ala. 545, 154 So. 526 (1934), the supreme court held that where the defendant has offered evidence of his general good character, the State could in rebuttal show the defendant’s general reputation as to peace and quiet was bad before the killing.
Appellant next contends that the trial court erred in excluding the public from the courtroom while being asked for further instructions by the jury without an express waiver by the defendant. This is *181 sue was first raised on appeal, and, at the time of the exclusion, neither the defendant nor her attorney voiced an objection to the exclusion of the public. From the record, it would appear that the court stated in the presence of both the attorney and the defendant that they had agreed to the exclusion of the audience for the question, and neither raised objection at that time. This matter has been previously addressed in Streeter v. State, 406 So.2d 1024 (Ala.Cr.App.1981), wherein this court stated that matters not objected to in the trial court cannot be considered for the first time on appeal, since review applies only to rulings invoked at trial.
After considering each contention raised by the appellant, we find no reversible error. Therefore, the judgment of the lower court is affirmed.
The foregoing opinion was prepared by the Honorable JAMES S. GARRETT, Circuit Judge, temporarily on duty on the court pursuant to § 12 — 2—30(b)(6), Code of Alabama 1975; his opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.