This is a pro se appeal from the denial of a petition for writ of error coram nobis. There are four grounds cited for the petition: (1) the statute of limitations, (2) involuntary guilty plea, (3) insufficient evidence to support the guilty plea, and (4) ineffective assistance of counsel.
This Court affirmed (without opinion) Hines's conviction for incest in Hines v. State, 486 So.2d 522 (Ala.Cr.App. 1986). Grounds (2) and (3) of the petition were properly denied because they could have been raised on direct appeal. Willis v.State, 500 So.2d 1324 (Ala.Cr.App. 1986).
Ground (1) of the petition alleges that the prosecution was barred by the statute of limitations. Hines states that the alleged offense occurred in September of 1981 and that the affidavit and warrant of arrest, beginning his prosecution, were issued in February of 1985. A crime of incest committed before January 7, 1985, had a three-year statute of limitations. Alabama Code 1975, § 15-3-1 and § 15-3-5.
The statute of limitations is a jurisdictional matter.Spears v. State, 26 Ala. App. 376, 377, 160 So. 727 (1935). A constitutionally valid guilty plea only waives non-jurisdictional defects. Ex parte Horton, 456 So.2d 1120,1122 (Ala. 1984). The court's lack of jurisdiction may be raised in a postconviction proceeding. Rule 20.1(b), Alabama Rules of Criminal Procedure (Temporary). Although Hines did not follow the petition form appended to Rule 20, the State has raised no such objection. Additionally, Rule 20.4 provides that "[a]ny other post-conviction petition seeking relief from a conviction or sentence shall be treated as a proceeding under this rule."
While there is authority that the accused may waive the statute of limitations, "the waiver 'must meet the same strict standards which courts have applied in determining whether there has been an effective waiver as to other fundamental rights.' " Hall v. State, 497 So.2d 1145, 1148 (Ala.Cr.App. 1986).
The State filed a motion to dismiss Hines's petition on procedural grounds which did not address the merits of the petition. Therefore, "[t]he unrefuted facts set out by the petitioner must be taken as true." Ex parte Floyd,457 So.2d 961, 962 (Ala. 1984). We find that the petition does state a proper ground of relief which requires a determination on its merits. Consequently, the judgment of the circuit court denying the petition is reversed, and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.