This is an appeal from the trial court's denial of the employee's motion for relief from judgment pursuant to Rule 60(b)(6), Alabama Rules of Civil Procedure.
The employer and employee entered into a settlement agreement of a workmen's compensation claim, which was filed and approved by the trial court on April 26, 1988. The employee filed a motion to set aside the settlement pursuant to Rule 59, A.R.Civ.P., alleging the discovery of new *Page 1273 
evidence. Such motion was denied. Subsequently, the employee filed a motion for reconsideration of the ruling and, in the alternative, a motion for relief from judgment as provided for in Rule 60(b)(6), A.R.Civ.P., alleging that he was incompetent to enter into a settlement of his claims. An ore tenus hearing on the motion was held before the trial judge. The motion was denied on March 2, 1989.
The employee appeals. We affirm.
A review of a trial court's denial of a 60(b)(6) motion is limited to whether the trial court abused its discretion.Smith v. Clark, 468 So.2d 138 (Ala. 1985). This court is further limited to a review of the grounds for which the Rule 60(b) relief is sought and the matters presented in support thereof. Turner v. Turner, 462 So.2d 734 (Ala.Civ.App. 1984). Also, as noted by the court in Reese v. Robinson,523 So.2d 398, 399 (Ala. 1988), "[a] strong presumption of correctness, however, attaches to the trial court's ruling on a Rule 60(b) motion."
We find that the trial court's denial of this motion did not amount to an abuse of discretion. The employee argues that, because expert testimony regarding the employee's alleged incompetence was uncontroverted, the trial court's denial of his motion constituted an abuse of discretion. An expert's opinion, however, is not conclusive on the trial court, even though uncontroverted. See Kroger Co. v. Millsap, 280 Ala. 531,196 So.2d 380 (1967). Rather, a trial court must look to the entire evidence and its own observations in deciding factual issues. See, e.g., Blue Bell, Inc. v. Nichols, 479 So.2d 1264
(Ala.Civ.App. 1985).
In its order denying the motion, the trial court clearly found that the expert testimony concluding that the employee was incompetent at the time of settlement was outweighed by other evidence, including the court's own observation of the employee during the course of settlement. Furthermore, the court took the additional caution of advising the employee, who was not represented by counsel, of the nature and finality of the settlement proceedings. Consequently, we find no error.
Additionally, the employee appeals from the denial of his motion to correct or modify the record pursuant to Rule 10(f), Alabama Rules of Appellate Procedure. The employee asserts that certain documents were "erroneously and accidentally" omitted from the record. We disagree. Rule 10(f) governs omissions of material that were actually a part of the record below. In its denial of the motion, the trial court clearly established that the documents that the employee sought to have included had never been before the trial court as part of the record. Thus, they could not properly be added to the record on appeal. The supreme court has held that "[i]t is not proper to use a hearing for correction of the transcript for the introduction or receipt of evidence which could or should have been introduced on the trial." Sylvest v. Stowers, 276 Ala. 695,701, 166 So.2d 423, 429 (1964). Consequently, we find no error with respect to this issue.
The appellant's request for attorney fees on appeal is denied.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.