Johnny Wayne Campbell was convicted of first degree-burglary and of murder. The Court of Criminal Appeals affirmed the convictions without an opinion, 553 So.2d 136, and he has sought certiorari review.
On June 5, 1986, an automobile driven by Campbell collided with an automobile driven by Mrs. Lou Smith. The accident occurred at the intersection of Vaughn Bridge Road and Forest Chapel Road in Morgan County. The evidence indicated that Campbell was traveling north on Forest Chapel Road and that Mrs. Smith was traveling east on Vaughn Bridge Road. Law enforcement officers who investigated the accident testified that Campbell apparently ran the stop sign, although none of those officers witnessed the collision. Both Mrs. Smith and her five-week old son Patrick were severely injured in the accident. Patrick died that night; Mrs. Smith recovered.
The first police officer on the scene was Flint City Chief of Police Charles Zanda, who notified the state troopers that a collision had occurred within their jurisdiction. He remained at the scene of the collision to offer assistance.
Looking inside Campbell's automobile, Zanda saw 3 cans of beer on the floor of the driver's side of Campbell's car and a 24-can carton, which contained 3 more cans, on the floor of the passenger's side. None of the cans was open. Zanda then removed the keys from the ignition and opened the trunk. In the trunk he saw a videocassette recorder, videocassette tapes, several rolls of pennies, a radio-telephone combination with a Hartselle phone number on it, and a 35-mm camera and case. By this time, state troopers had arrived to investigate the collision. Zanda showed Trooper Mike Ball what was in the trunk. Both Zanda and Ball then looked through the passenger compartment, and they found a gold band ring and a blue jewelry box.
That same day, Jackie Strickland had left his house trailer between 6:00 and 6:15 a.m. He returned around 7:00 p.m. to discover that someone had broken into the house trailer and had stolen some of his belongings. Among the items missing were a videocassette recorder, videocassette tapes, several rolls of pennies, a 35-mm camera and case, a radio-telephone combination, some beer out of the refrigerator, several knives, some rings, a gold watch, and a gold compact. Two days later, on June 7, 1986, Mr. Strickland reported the break-in. Law enforcement officers showed Strickland the items found in Campbell's trunk, and Strickland identified the property as his.
Strickland's house trailer was located off Forest Chapel Road, approximately .8 mile from the scene of the accident. A car traveling north on Forest Chapel Road would be leaving the area of Strickland's *Page 715 
trailer. Campbell lived in Decatur, approximately five miles from the scene of the accident.
Ala. Code 1975, § 13A-7-5, provides the elements of first-degree burglary:
 "(a) A person commits the crime of burglary in the first degree if he knowingly and unlawfully enters or remains unlawfully in a dwelling with intent to commit a crime therein, and, if, in effecting entry or while in dwelling or in immediate flight therefrom, he or another participant in the crime:
 "(1) Is armed with explosives or a deadly weapon; or
 "(2) Causes physical injury to any person who is not a participant in the crime; or
 "(3) Uses or threatens the immediate use of a dangerous instrument."
There was no evidence that Campbell was armed with an explosive or a deadly weapon or that he threatened the immediate use of a dangerous instrument during the burglary. Nevertheless, the State contends that Campbell's conviction of first-degree burglary is proper because, it says, there was evidence that he injured Mrs. Smith and killed her son while in immediate flight from the scene of the burglary. Campbell's murder conviction is based upon his conviction of first degree burglary; that is, pursuant to Ala. Code 1975, §13A-6-2(a)(3), a person is guilty of murder if he causes the death of a person while committing or attempting to commit, or in immediate flight from, a first-degree burglary. The issue we must address, accordingly, is whether the State produced sufficient evidence of "immediate flight" to sustain Campbell's conviction of first-degree burglary, on which Campbell's conviction of murder is based.
The State contends that six items from the record indicate that Campbell was in immediate flight from the burglary: (1) The accident occurred .8 mile from Mr. Strickland's house trailer; (2) the beer in Campbell's car was still cold at the time of the collision; (3) the testimony of the officer who investigated the wreck indicated that at the time of the accident Campbell was traveling in a direction that was away from the house trailer; (4) Campbell apparently ran a stop sign; (5) Campbell still had the stolen property in the trunk of his car; (6) Campbell's vehicle was traveling faster than Mrs. Smith's when the accident occurred.
Campbell contends that, although the record contains the evidence described by the State, the record also contains evidence that raises reasonable doubts whether he was inimmediate flight from Strickland's trailer. The record indicates that the time frame for the burglary covered almost six hours. Strickland testified that he left his house trailer between 6:00 a.m. and 6:15 a.m. that day. The accident occurred a few minutes before noon. The site of the accident was only .8 mile from the house trailer, but it was within 5 miles of Campbell's home. Zanda testified that Forest Chapel Road would take Campbell to Decatur and that the site of the accident was within five miles of a store that sold beer.
The record does not show that Strickland identified the beer as being the beer from his refrigerator. Strickland testified that he had Stroh light beer, and that was the brand of beer recovered from the car. Strickland further testified that he had bought a carton containing 24 cans of beer 1 or 2 days earlier, but that he could not recall how many cans were left.
The testimony of the officers who investigated the collision indicated that Campbell was traveling north, in a direction that was away from Strickland's house trailer, when the collision occurred. The officers testified that Campbell apparently ran a stop sign, but the officers were not witnesses to the collision. The only testimony as to speed was provided by Mrs. Smith and Trooper Wolf. Mrs. Smith testified that she was traveling at about 40 miles per hour. Wolf testified that, from the evidence at the wreck scene, it appeared that Campbell's car was traveling slightly faster than Mrs. Smith's car. Zanda testified that the speed limit on both roads was 45 miles per hour. Thus, according to Wolf's testimony, Campbell could have *Page 716 
been travelling within the speed limit when the accident occurred.
The evidence of immediate flight is not convincing beyond a reasonable doubt. The house trailer may have been burglarized as early as 6:15 a.m. Campbell lived in the area and, accordingly, it would not have been unusual for him to be on the road where the accident occurred. Although possession of the stolen property may give rise to a presumption that Campbell was involved in the theft of Strickland's belongings,Whisenant v. State, 466 So.2d 995 (Ala.Crim.App. 1984), rev'd on other grounds, 466 So.2d 1006 (Ala. 1985), that possession does not give rise to a presumption that Campbell was in immediate flight from the scene of the burglary. The evidence was insufficient to prove that Campbell was in immediate flight from the scene of the burglary. Accordingly, the State did not produce sufficient evidence to support Campbell's conviction for first-degree burglary, on which Campbell's murder conviction was based.
Both convictions were improper. The judgment is due to be reversed and the cause remanded.
REVERSED AND REMANDED.
MADDOX, JONES, ALMON, SHORES and HOUSTON, JJ., concur.