The appellant was convicted of the unlawful distribution of marijuana, in violation of § 13A-12-211, Code of Alabama 1975, and sentenced to three years in prison plus an additional five years in prison pursuant to § 13A-12-250, Code of Alabama 1975. He raises seven issues on appeal.
 I
The appellant first contends that the evidence was insufficient to sustain the verdict. He apparently argues that the evidence was insufficient because the State failed to prove that the appellant touched the marijuana or the money used to pay for the marijuana. This argument has no merit.
William Patrick testified that he went to the appellant's apartment with Claude Cosey on July 14, 1989. Cosey was an undercover agent for the Alabama Alcoholic Beverage Control Board. Patrick was aiding law enforcement agents in exchange for help on his drug case. Prior to going to the apartment, Patrick telephoned the appellant and asked him if he had an ounce of marijuana. Patrick testified that the appellant told him that he had four one-quarter ounce bags, and they agreed on a price of $120 for the ounce. They arrived at the appellant's apartment at approximately 10:15 p.m. Patrick testified that the appellant was not home, but that some other people were in the apartment. The appellant arrived three or four minutes later. Patrick testified that he saw the appellant sell marijuana to the other people in the apartment. He went into a back bedroom with the appellant. Patrick testified that the appellant was upset because Patrick had brought someone with him. Patrick stated that he got the four one-quarter ounce bags of marijuana from the appellant. Patrick walked out of the bedroom and handed the marijuana to Cosey. He testified that Cosey put $120 on the bar and nodded at the appellant. Patrick then picked up the money and handed it to the appellant. Patrick testified that the appellant *Page 1033 
instructed him to throw the money on the floor.
Claude Cosey testified that Patrick telephoned the appellant prior to going to the apartment. He stated that Patrick called the appellant at 10:00 p.m. to find out if he had any marijuana to sell. He testified that Patrick told the appellant that he had someone coming over who wanted to buy an ounce. Patrick agreed to buy the ounce for $120. They went to the appellant's apartment shortly after the telephone call. He testified that the appellant was not there but that there were two white males and a white female in the apartment and that the appellant came in a minute later. Cosey testified that the appellant and one of the men went into the kitchen and completed a drug transaction. He stated that he saw the appellant give the man marijuana and saw the man give the appellant money. Cosey testified that he asked the appellant what he had. The appellant motioned for Patrick to follow him to a back bedroom. Patrick and the appellant came out in a minute or two and Patrick gave Cosey four bags of marijuana. Cosey testified that he asked whom he should pay, and the appellant pointed to Patrick. He testified that he gave Patrick the money and that Patrick put it on the bar. The record further indicates that forensics tests established that the substance purchased by Cosey was marijuana and that it had a weight of 20.29 grams or .715 ounces.
Section 13A-12-211, Code of Alabama 1975, provides that a person commits the offense of unlawful distribution of a controlled substance if "he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance." The indictment against the appellant states that he "did, on to-wit: July 14, 1989, unlawfully sell, furnish, give away, manufacture, deliver or distribute a controlled substance, to-wit: marijuana." (R. 160.) The evidence clearly proves that the appellant touched the marijuana. Furthermore, the State was not required to prove that the appellant touched the money used to pay for the marijuana.
 " 'Furnish' means to supply by any means, by sale or otherwise, and a sale need not be shown. The ordinary meaning of 'furnish' is to provide or supply. Moreover, the participation of a defendant in, or his or her criminal linkage with, a 'sale' is the basis of criminal liability, and not the actual act of the defendant in physically transferring the controlled substance to the buyer."
Greenwald v. State, 579 So.2d 38, 39 (Ala.Crim.App. 1991). "A conviction will not be set aside on the basis of insufficiency unless, 'allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this court that it was wrong and unjust.' " Ogle v. State, 548 So.2d 499, 501
(Ala.Crim.App. 1988) (citation omitted). The evidence was clearly sufficient to support the appellant's conviction. See,e.g., McKissick v. State, 522 So.2d 3 (Ala.Crim.App. 1987).
 II
The appellant next contends that the trial court erred in allowing the State to ask his character witness whether that witness had heard about a flag that the appellant kept in his apartment depicting a marijuana plant. The witness stated that he had never been in the appellant's apartment. When defense counsel objected to the question, the trial court ruled that it was admissible for the sole purpose of rebuttal to the appellant's character evidence. The record also reveals that during its oral charge to the jury, the trial court thoroughly instructed the jury on the limited purpose of such rebuttal evidence. We see no error in the trial court's ruling.
The record reveals that the purpose behind the question was not to prove the bad character of the accused, but to test the credibility of the witness. See Thorn v. State, 450 So.2d 179
(Ala.Crim.App. 1984); Frazier v. State, 366 So.2d 360
(Ala.Crim.App. 1978). The question was proper in light of the appellant's direct examination of the witness. Furthermore, the witness's answer, was in substance, a negative response. Thus, even if error had occurred, any error was harmless. Wiggins v.State, *Page 1034 513 So.2d 73 (Ala.Crim.App. 1987); Traweek v. State,380 So.2d 946 (Ala.Crim.App.), rev'd on other grounds,380 So.2d 958 (Ala. 1979).
 III
The appellant next contends that the trial court erred in denying his motion to supplement the record. This argument has no merit. The appellant sought to supplement the record on appeal by including matter that was not introduced at the appellant's trial. Rule 10(f), A.R.App.P., governs the omission of material that was actually a part of the record below.Richburg v. Cromwell, 428 So.2d 621 (Ala. 1983); Williams v.City of Northport, 557 So.2d 1272 (Ala.Civ.App. 1989), cert.denied, ___ U.S. ___, 111 S.Ct. 71, 112 L.Ed.2d 45 (U.S.Ala. 1990); Thomas v. State, 550 So.2d 1057 (Ala.Crim.App. 1989),aff'd, State v. Thomas, 550 So.2d 1067 (Ala. 1989). In its denial of the motion, the trial court clearly stated that the matter the appellant sought to have included had never been before the trial court. Thus, the evidence could not have been properly added to the record on appeal.
 IV
The appellant next contends that his conviction should be reversed because the trial court's oral charge to the jury was confusing and prejudicial. The appellant failed to preserve this issue for review because he failed to object to the trial court's oral charge. Stephens v. State, 512 So.2d 782
(Ala.Crim.App. 1986), rev'd on other grounds, 512 So.2d 786 (Ala. 1987); Singletary v. State, 473 So.2d 556 (Ala.Crim.App. 1984).
 V
The appellant next contends that the trial court erred in allowing a juror to serve on the jury after she had indicated that she was related to a potential witness. The record reveals that during a recess, the juror told the bailiff about her relationship to the potential witness. The trial court then questioned the juror about the relationship. The juror stated that if the individual testified in the case, her kinship with the witness would have absolutely no bearing on how she viewed his testimony. After questioning the juror, the trial court specifically asked the attorneys if they had any motions regarding the juror. The appellant's attorney stated, "No, sir." (R. 52.) The appellant failed to object to the juror's continued participation on the jury and, thus, failed to preserve this issue for review. Appellate review is limited to those matters which are raised in the trial court. Fuller v.State, 472 So.2d 452 (Ala.Crim.App. 1985); Wood v. State,416 So.2d 794 (Ala.Crim.App. 1982). Furthermore, in light of the juror's unequivocal statement that her relationship to the potential witness would not affect her ability to be impartial, we see no error in the trial court's decision allowing her to continue to serve on the jury.
 VI
The appellant next contends that the trial court erred in denying his motion to introduce the transcript of the preliminary hearing during the testimony of William Patrick in order to show a prior inconsistent statement and in refusing to allow him to cross-examine Patrick about his treatment in Bryce Hospital. The record reveals that the appellant failed to lay the proper predicate for the admission of the transcript and, thus, the trial court properly denied the motion. The proper predicate for the admission of a prior inconsistent statement "must specify the time when the statement was made, the place where the statement was made, the content of the statement, the person to whom the statement was made, and the substance of the statement." Ex parte Pope, 562 So.2d 131, 134 (Ala. 1989),cert. denied, ___ U.S. ___, 111 S.Ct. 118, 112 L.Ed.2d 87
(1990) (citations omitted). See also C. Gamble, McElroy'sAlabama Evidence § 157.01(1) (4th ed. 1991). The appellant's counsel failed to establish any part of this predicate.
The appellant failed to object to the trial court's ruling on cross-examination and, thus, failed to preserve that issue for review. Fuller; Wood. Furthermore, the *Page 1035 
record reveals that the witness did testify that he was treated at Bryce Hospital for substance abuse.
 VII
The appellant apparently argues that his sentence is too long. This argument has no merit. The appellant was convicted of a Class B felony. The range of punishment for a Class B felony is from two to 20 years imprisonment. Ala. Code 1975 § 13A-5-6. The appellant's sentence falls within the lower range of permissible punishment. Furthermore, the trial court was required to sentence the appellant to an additional five years pursuant to Ala. Code 1975, § 13A-12-250. Dixon v. State,572 So.2d 512 (Ala.Crim.App. 1990) (§ 13A-12-250 requires that an extra five years be "tacked on" or "added to" the existing sentence).
For the reasons set forth above, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
All the Judges concur.