Johnny Wayne Campbell appeals from his conviction for burglary in the third degree. He pleaded guilty to the offense and was sentenced as a habitual felony offender to 15 years in prison. His sentence was to run concurrently with other sentences that had previously been imposed.Campbell raises three issues on appeal.
 I.
Campbell contends that his prosecution for burglary in the third degree (CC-96-1020) was barred by the statute of limitations. The statute of limitations for burglary in the third degree is three years. See §13A-7-7 and § 15-3-1, Ala. Code 1975. However, "[u]nder § 15-3-6, the statute of limitations [is] tolled during those periods that an indictment for the offense in question [is] pending against the appellant." Finley v. State, 683 So.2d 7, 8 (Ala.Cr.App. 1996).
The resolution of this issue requires a review of the procedural history of the cases involving Campbell. A chronology of events, as supported by the record on appeal, follows.
 June 5, 1986: Campbell is involved in an automobile accident in which an infant is killed and the infant's mother is severely injured. It is later discovered that at *Page 320 
some point earlier in the day Campbell had committed a burglary approximately .8 miles from the accident scene. Evidence was also presented showing that Campbell lived in the area. July 31, 1986: Campbell is indicted for first degree burglary and murder on the theory that he was fleeing the scene of a burglary when the accident occurred. See §§ 13A-6-2(3) and 13A-7-5(a)(2), Ala. Code 1975 (CC-86-716). Campbell was found guilty of both charges. September 21, 1990: The Alabama Supreme Court reversed Campbell's conviction in case CC-86-716 and remanded the case. The Alabama Supreme Court found that the proof that he was in immediate flight from the commission of a first-degree burglary was not sufficient to sustain the convictions. C.R. 45. The Alabama Supreme Court reasoned that because Campbell lived in the area, it would not have been unusual for him to travel on the road where the accident occurred and the fact that he was on that road was not sufficient evidence that he was in immediate flight from the burglary. Ex parte Campbell (Campbell v. State), 574 So.2d 713, 716
(Ala. 1990). September 13, 1996: Ex parte Campbell is reindicted for burglary in the third degree, (CC-96-1020). This is the circuit court case underlying the present appeal.
The State made the following factual assertions in its briefs on appeal. These assertions, however, are not supported by the record in the present appeal.
 May 8, 1991: Campbell is indicted a second time on charges stemming from the June 5, 1986, accident and burglary (CC-91-500).
 June 13, 1991: Case CC-86-716 is "nolprossed" in light of the ruling of the Alabama Supreme Court reversing the convictions.
 September 12, 1996: Case CC-91-500 is dismissed on the basis of Pace v. State, [Ms. CR-93-0740, September 27, 1996] So.2d (Ala.Cr.App. 1996).[1]
 September 13, 1996: After Campbell is indicted a third time on charges stemming from the June 5, 1986, burglary and accident (CC-96-1020), a plea agreement is reached in which all counts of the indictment are dismissed except burglary in the third degree.
According to the State, since July 31, 1986, Campbell has been charged under an indictment for the June 5, 1986, burglary for all but approximately seven months. Seven months, according to the State, is well within the three-year limitations period.
Other than the fact that the Alabama Supreme Court reversed his conviction in case CC-86-716, none of the State's information is in the record presently before this court, nor can it be gleaned from the transcript in CC-86-716. Craft v. State, 432 So.2d 31, 34 (Ala.Cr.App. 1983) (a court may take judicial notice of its own records). Therefore, we cannot consider this information in making our determination. "This court cannot consider matters and allegations which appear outside of the record." Walker v. State, 594 So.2d 722, 724 (Ala.Cr.App. 1991).
The record presently before this court reflects a six-year gap between September 21, 1990, and September 13, 1996. The record does not reflect what transpired during this period. Therefore, we remand this case to the trial court for that court to hold a hearing to clarify the time frame that Campbell was under indictment for *Page 321 
the offense underlying his conviction for burglary in the third degree.
Although we are remanding this case, we will address the remaining issues.
 II.
Campbell contends that the trial court erred to reversal in denying his motion to dismiss the indictment on the grounds that it violated the Double Jeopardy Clauses of the United States Constitution and the Alabama constitution. Campbell was originally convicted of murder under §13A-6-2(a)(3), Ala. Code 1975, and burglary in the first degree under § 13A-7-5(a)(2), Ala. Code 1975. The Alabama Supreme Court reversed those convictions, holding:
 "The evidence was insufficient to prove that Campbell was in immediate flight from the scene of the burglary. Accordingly, the State did not produce sufficient evidence to support Campbell's conviction for first-degree burglary, on which Campbell's murder conviction was based."
Campbell, 574 So.2d at 716. Therefore, the Alabama Supreme Court ruled that "[b]oth convictions were improper," and reversed the judgment and remanded the cause. Campbell, 574 So.2d at 716.
Campbell argues that because the Alabama Supreme Court reversed his conviction for burglary in the first degree by ruling that "the State did not produce sufficient evidence to support Campbell's conviction for first-degree burglary," he cannot be retried for the burglary offense. The Double Jeopardy Clause prevents a retrial in the case of a defendant who succeeds in having his conviction reversed on appeal on the grounds that the evidence is insufficient to sustain the verdict. Bush v. State,695 So.2d 70 (Ala.Cr.App. 1995), affd. 695 So.2d 138 (Ala. 1997).
We believe that Campbell has taken the quote on which he relies out of context. The Alabama Supreme Court held that the evidence was insufficient to prove Campbell was in immediate flight from the scene of the burglary in order to uphold a conviction for first-degree burglary. The Court did not state the evidence was generally insufficient.
Nevertheless, "where a conviction for a greater offense is reversed because of an insufficiency of the evidence, retrial upon lesser included offenses upon which the jury was charged is not barred by double jeopardy." Ex parte Walls, 711 So.2d 490 (Ala. 1997). This Court may take judicial knowledge of its records. Craft, supra. The record in case no. CC-86-716 reflects that Campbell was charged with the lesser offenses of second- and third- degree burglary.
Therefore, the trial court did not err in denying Campbell's motion to dismiss the indictment.
 III.
Campbell contends that the trial court erred to reversal in denying his motion to withdraw his guilty plea, or in the alternative, in ordering specific performance of the plea agreement.
A plea agreement was entered in which all counts of the indictment were dismissed except third-degree burglary. Campbell was sentenced to 15 years in prison, that sentence to run concurrently with sentences he was already serving. The trial court assured Campbell that he would receive any credit to which he was entitled for time served between June 10, 1986, and January 20, 1991. Campbell filed a motion to withdraw his guilty plea, alleging that he had not received any credit for the time he served. The trial court denied the motion to withdraw. *Page 322 
Campbell presents the same argument on appeal as he presented in his motion to withdraw his guilty plea. Pursuant to a motion filed by the State, it was brought to this Court's attention that the Department of Correction's ("DOC") "time sheet" reflecting Campbell's credit for time served in this case was incorrect. We ordered, ex moro motu, that the record be supplemented with a corrected time sheet. The corrected time sheet reflects that Campbell's sentence has been credited with 955 days for the time he served in case CC-96-1020.
Therefore, it appears that this issue is now moot because Campbell has received credit for the time he spent incarcerated on this charge, as the plea agreement contemplated. However, in response to the supplemented record, Campbell filed a supplemental brief arguing that he is still being denied credit for time served in case CC-86-716-the conviction reversed by the Alabama Supreme Court. According to Campbell, the corrected time sheet reflects only that he received credit for time served in cases CC-94-457, CC-94-230, and CC-96-1020. For purposes of calculating credit for time served, case CC-86-716 and case CC-96-1020 are one and the same. As stated above, CC-86-716 was a first-degree burglary conviction that was subsequently overturned by the appellate court. Case CC-96-1020 represents Campbell's conviction for the lesser included offense of burglary in the third degree based on the same conduct that gave rise to CC-86-716. The credit Campbell accrued in case CC-86-716 should have carried over to case CC-96-1020. Campbell has offered nothing to indicate that the calculations of the DOC are in error nor has he attempted to show what credit he is entitled to for time served in his case. Absent a showing to the contrary, we will assume that the calculations of the DOC are accurate. Morrison v. State,687 So.2d 1259, 1261 (Ala.Cr.App. 1996). Therefore, the trial court did not error in denying Campbell's motion to withdraw his guilty plea.
We note that Campbell has several other convictions. It is possible that Campbell received only 955 days credit because he was serving time on another conviction during the time between June 10, 1986, and January 20, 1991. A defendant is not entitled to accumulate credit for time served while he is serving time on another conviction. Youngblood v.State, 437 So.2d 629, 630 (Ala.Cr.App. 1983).
This case is remanded with instructions. Due return shall be made by the trial court of the action taken which shall include written findings of fact, conclusions of law, and a transcript of the proceedings. The trial court shall take necessary action to ensure that the circuit clerk makes due return to this court at the earliest possible time within 49 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.
* Note from the reporter of decisions: On December 18, 1998, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On March 26, 1999, that court denied rehearing, no opinion. On July 28, 2000, the Supreme Court, on certiorari review reversed and rendered a judgment for Campbell; on November 17, 2000, that court denied rehearing, no opinion (1981105).
[1] The Conviction in Pace was reversed because the Alabama Supreme Court held that Morgan County's method of selecting grand jury foremen was discriminatory. *Page 323