784 So.2d 323 (2000)
Ex parte Johnny Wayne CAMPBELL.
(Re Johnny Wayne Campbell v. State).
1981105.
Supreme Court of Alabama.
July 28, 2000.
Rehearing Denied November 17, 2000.
*324 Kimberly J. Dobbs-Ramey, Decatur, for petitioner.
Bill Pryor, atty. gen., and Beth Slate Poe, asst. atty. gen., for respondent.
JOHNSTONE, Justice.
We granted Johnny Wayne Campbell's petition for a writ of certiorari to determine whether a September 13, 1996, indictment charging Campbell with burglary in the third degree, among other crimes, was barred by the three-year-limitations provisions for prosecution of burglary in the third degree. §§ 13A-7-7 and 15-3-1, Ala.Code 1975. We reverse and render a judgment for Campbell.
Johnny Wayne Campbell was first indicted for burglary-murder, reckless murder, and burglary in the first degree on July 31, 1986. The charges arose from a burglary and an automobile accident occurring on June 5, 1986. A jury heard Campbell's case. At the close of the State's case in the first trial, the trial court granted Campbell a judgment of acquittal on the charge of reckless murder. The jury, however, found Campbell guilty of burglary-murder and burglary in the first degree. On appeal, the Court of Criminal Appeals affirmed without an opinion. Campbell v. State (No. 8 Div. 128), 553 So.2d 136 (Ala.Crim.App.1989) (table). On certiorari review, this Court reversed and remanded. Ex parte Campbell, 574 So.2d 713, 716 (Ala.1990). We held that the State's evidence that at the time of the automobile accident Campbell possessed items that had been stolen during the burglary, could not establish beyond a reasonable doubt that Campbell was in immediate flight from the burglary when the deadly accident occurred. Thus the evidence was insufficient to support Campbell's convictions for burglary-murder and burglary in the first degree. 574 So.2d at 716.
On September 13, 1996, Campbell was indicted again for charges arising from the June 5, 1986, burglary and automobile accident. The indictment charged Campbell with three counts of reckless murder and with one count of burglary in the third degree. The challenge to the 1996 indictment pertinent to our review now was Campbell's motion to dismiss the charge of burglary in the third degree on the ground that the three-year statute of limitations for commencing prosecution of burglary in the third degree, § 15-3-1, barred the State from prosecuting him in 1996 for a burglary he allegedly committed in 1986. Trial Judge William Gullahorn conducted a hearing to dispose of a number of pretrial motions, including Campbell's motion to dismiss. That hearing was not recorded, although Campbell requested the trial court to order a court reporter to record all argument and discussion on the pretrial motions. Denying Campbell's motion to dismiss, Judge Gullahorn noted that an intervening indictmentreturned between the time Campbell's convictions under the first indictment were reversed in 1990 and the time the currently contested indictment against Campbell was returned in 1996tolled the running of the statute of limitations period under § 15-3-6, Ala. Code 1975.
Pursuant to a plea agreement, Campbell entered a guilty plea to burglary in the third degree, the prosecutor dismissed the murder charges in the 1996 indictment, and the trial court convicted and sentenced Campbell on the burglary plea. Subsequently, asserting again that the statute of limitations barred his prosecution for burglary *325 in the third degree, Campbell moved to withdraw his guilty plea. The trial court denied the motion.
Campbell appealed and raised the statute of limitations issue. Because the statute of limitations is jurisdictional and an indictment returned after the expiration of the limitations period of the statute is void, Campbell's guilty plea did not waive this issue. Speigner v. State, 663 So.2d 1024 (Ala.Crim.App.1994); Hines v. State, 516 So.2d 937 (Ala.Crim.App.1987); Cox v. State, 585 So.2d 182 (Ala.Crim.App.1991), cert. denied, 503 U.S. 987, 112 S.Ct. 1676, 118 L.Ed.2d 394 (1992).
The Court of Criminal Appeals noted that the record did not support the State's assertion in its brief that Campbell had always been charged under some indictment for the June 5, 1986, burglary and automobile accident after the 1990 reversal of his convictions under the initial indictment and before the return of the currently challenged indictment in 1996 except for seven months[1] when he was not charged under an indictment. Because the Court of Criminal Appeals could not discern from the record whether evidence existed to support the State's assertion of an intervening indictment, the Court of Criminal remanded the case for the trial court "to hold a hearing to clarify the time frame that Campbell was under indictment for the offense underlying his conviction for burglary in the third degree." Campbell v. State, 784 So.2d 318, 320, 321 (Ala.Crim. App.1998). On remand, Judge Gullahorn conducted a hearing and allowed the State to submit exhibits to support its assertion that Campbell was under an indictment nearly the entire time from the time of his initial indictment in 1986 to the time of his currently challenged indictment in 1996.
At the remand hearing, the State presented four exhibits to support its position: 1) the initial indictment charging Campbell on July 31, 1986, with reckless murder, burglary-murder, and burglary in the first degree for the events occurring on June 5, 1986; 2) a case action summary sheet referencing the initial indictment, assigning case number CC-86-716 to the indictment, and showing a nolle prosequi of the indictment on June 13, 1991; 3) an intervening indictment charging Campbell on May 3, 1991, for various counts of murder and burglary in the third degree for the events occurring on June 5, 1986; and 4) a September 12, 1996, order by Judge Gullahorn dismissing the intervening indictment against Campbell in case CC-91-500 on the basis of Pace v. State, 714 So.2d 320 (Ala.Crim.App.1996), aff'd, 714 So.2d 332 (Ala.1997), in which this Court reversed the defendant's conviction because the Morgan County grand jurors were not impartially selected to serve on the grand jury.
The State argued that the intervening indictment returned on May 3, 1991 (exhibit 3) existed until Judge Gullahorn dismissed that indictment by order on September 12, 1996 (exhibit 4). Then, the State argued, Campbell was reindicted for the third time on September 13, 1996. Thus the State maintained that, because there was only one day when Campbell was not under an indictment, the statute of limitations for prosecuting Campbell had been tolled pursuant to § 15-3-6. (R. 7.)
During the hearing, the State noted and the trial judge acknowledged that the State did not present any evidence at the original hearing on Campbell's motion to dismiss the charge of burglary in the third degree. Defense counsel objected to the *326 State's submission of the exhibits because the exhibits were not admitted and considered during the original hearing. However, the trial court denied defense counsel's motion and accepted the exhibits as evidence to show that the intervening indictment tolled the statute of limitations for prosecuting Campbell for burglary in the third degree.
Alabama law provides that the statute of limitations for prosecuting an offense is tolled during the time when an indictment for the offense in question is pending against the appellant. § 15-3-6, Ala.Code 1975; Finley v. State, 683 So.2d 7, 8 (Ala. Crim.App.1996); Beverly v. State, 497 So.2d 513, 517 (Ala.Crim.App.1985), aff'd in part and rev'd in part on other grounds, 497 So.2d 519 (Ala.1986). The State's exhibits tend to show that a second intervening indictment existed from May 3, 1991, until September 12, 1996, when the trial court dismissed that indictment on the basis of Pace. However, the record of the remand hearing at which the exhibits were offered proves that these exhibits were not presented at the original hearing on Campbell's motion to dismiss the charge of burglary in third degree.
Campbell contends that the Court of Criminal Appeals erred in allowing the State to submit evidence at the remand hearing when that evidence was not admitted at the original hearing on Campbell's motion to dismiss. Rule 10(g), Ala.R.App.P. (previously Rule 10(f)), allows the Court of Criminal Appeals to "order that a supplemental or corrected record be certified and transmitted to the appellate court if necessary to correct an omission or misstatement." "Rule 10(g) was not meant to apply to situations where the evidence sought to be brought to the appellate court's attention was never received by or offered to the trial court. Rule 10(g) applies to, `admitted or offered evidence that is material to any issue.'" Dobyne v. State, 672 So.2d 1319, 1326 (Ala. Crim.App.1994), aff'd, 672 So.2d 1354 (Ala. 1995), cert. denied, 517 U.S. 1169, 116 S.Ct. 1571, 134 L.Ed.2d 670 (1996). Rule 10(g) "governs the omission of material that was actually a part of the record below." Allen v. State, 598 So.2d 1031, 1034 (Ala.Crim. App.1992). See Richburg v. Cromwell, 428 So.2d 621 (Ala.1983); and Williams v. City of Northport, 557 So.2d 1272 (Ala.Civ.App. 1989), cert. denied, 498 U.S. 822, 111 S.Ct. 71, 112 L.Ed.2d 45 (1990). "The purpose of Rule 10(f) [now 10(g)] is to supply materials omitted from the record so that the record on appeal will accurately reflect what occurred in the trial court. Rule 10(f) [now 10(g)] neither contemplates nor authorizes the introduction of documents, exhibits, evidence, or other matters which could or should have been, but were not, introduced at the original trial or hearing." Thomas v. State, 550 So.2d 1057, 1062 (Ala.Crim.App.), aff'd, 550 So.2d 1067 (Ala. 1989). Further, an appellate court "is limited to a review of the record alone, that is, it can consider only the evidence that was before the trial court when it made its ruling." Cowen v. M.S. Enters., Inc., 642 So.2d 453, 454 (Ala.1994) (citing King v. Garrett, 613 So.2d 1283 (Ala.1993); and Moody v. Hinton, 603 So.2d 912 (Ala. 1992)).
Applying the foregoing law to this case, we conclude that the Court of Criminal Appeals erred in allowing the State to supplement the record on appeal with exhibits which the State did not introduce at the original hearing on Campbell's motion to dismiss the charge of burglary in the third degree. Thus this Court cannot consider that evidence in determining whether the record supports the trial judge's denial of Campbell's motion to dismiss the charge of burglary in the third degree and the denial of Campbell's motion to withdraw *327 his guilty plea. Because the original record contained no evidence that an intervening indictment existed after the date the original indictment against Campbell was nol-prossed on June 13, 1991, and before the date the currently challenged indictment was returned against Campbell on September 13, 1996, the statute of limitations for commencing prosecution against Campbell for burglary in third degree expired three years after June 13, 1991. Consequently, the trial court erred in denying Campbell's motion to dismiss the burglary charge and in denying Campbell's motion to withdraw his guilty plea on that ground. Therefore we reverse the judgment of the Court of Criminal Appeals and render a judgment in favor of Campbell.
REVERSED AND JUDGMENT RENDERED.
MADDOX, COOK, and LYONS, JJ., concur.
HOUSTON, J., concurs specially.
HOOPER, C.J., and ENGLAND, J., dissent.
BROWN, J., recuses herself.[*]
HOUSTON, Justice (concurring specially).
This Court is for the first time declaring that in criminal cases the statute of limitations is jurisdictional and that an indictment returned after the expiration of the limitations period for the offense charged in the indictment is void. As shown in the majority opinion, the Court of Criminal Appeals has taken this position for at least the past 13 years, even though that court recognized that "Alabama law [was] not entirely clear on the question whether a court presiding over a prosecution barred by the statute of limitations is without `jurisdiction.'" Cox v. State, 585 So.2d 182, 193 (Ala.Crim.App.1991).
HOOPER, Chief Justice (dissenting).
I respectfully dissent. I do not agree that the Court of Criminal Appeals improperly remanded Campbell's case to the trial court for the State to prove the time of the prior indictments. In past cases, the Court of Criminal Appeals has, and this Court has not disagreed, remanded nonjurisdictional matters to the trial court for further proceedings. Examples include sentencings under the Habitual Felony Offender Act. As long as the defendant had notice, before the sentencing hearing, that he would be sentenced under the Habitual Felony Offender Act, remanding the case to the trial court for the State to provide certified evidence of prior convictions has not offended the requirement of due process or the defendant's rights under the law. Murphy v. State, 536 So.2d 96 (Ala.Crim.App.1986); Pardue v. State, [CR-97-0551, December 18, 1998] ___ So.2d ___ (Ala.Crim.App.1998) (defendant claimed the State could not use his prior convictions in a posttrial Rule 32, Ala. R.Crim.P., hearing because at his original sentencing it had failed to produce certified copies of his prior convictions; the Court of Criminal Appeals found no error committed by the trial court). Not only did Campbell have notice of the previous indictments, an indictment is notice to a defendant. Campbell was not ignorant of the State's intentions, for the entire period from his arrest until his final conviction and sentencing, to prosecute him.
*328 I consider the remand of this case by the Court of Criminal Appeals (giving the State the opportunity to prove the time periods covered by the indictments) to be analogous to a remand for the purpose of allowing the State to provide certified copies of prior convictions in compliance with the Habitual Felony Offender Act. Rule 10(g), Ala.R.Crim.P., is simply inapplicable; the State rightly never relied upon that rule. The discussion of that rule in the majority opinion appears to be gratuitous. Campbell was not prejudiced in any way, nor was he without notice of the indictments. I would affirm the judgment of the Court of Criminal Appeals. Therefore, I dissent.
NOTES
[1] Apparently, the basis for this seven-month gap admitted by the State is the period from the September 1990 reversal to the May 1991 reindictment claimed by the State.
[*] Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.