Leroy Hill Coffee Company, Inc. ("LHC"), Greg King, and Rick Gates, the defendants in a proceeding in the Mobile Circuit Court (collectively "the petitioners"), petition for a writ of mandamus directing the Mobile Circuit Court to vacate its order compelling the petitioners to submit to further discovery. We grant the petition.
On August 22, 2005, a jury awarded both compensatory and punitive damages to the plaintiffs, Paul Stewart and Coffee Pro, Inc. ("Coffee Pro") (collectively "the plaintiffs"), in their successful action against the petitioners. The plaintiffs subsequently served upon the petitioners various postjudgment discovery requests. These discovery requests primarily sought information relating to the financial status of LHC.
On September 21, both sides filed post-judgment motions. The plaintiffs filed a motion for an additur, seeking to increase the amount of the punitive damages awarded to Coffee Pro. The petitioners filed a renewed motion for a judgment as a matter of law or, in the alternative, a motion for a new trial and/or a remittitur.
The trial court conducted a hearing on the motions. During that hearing, which focused primarily upon the petitioners' motion for a remittitur, the plaintiffs argued that they needed to discover LHC's corporate records in order to defend the punitive-damages award against the motion for a remittitur. The petitioners responded by contending that the punitive-damages award would not affect their financial position and that thus their financial position — normally a Hammond/GreenOil[1] factor in determining whether to order a remittitur of punitive damages — should not be considered by the trial court. Nevertheless, the trial court stated that it would allow the plaintiffs to discover LHC's financial information, much of which the petitioners claimed represented protected trade secrets. To prevent the improper use of the information sought by the plaintiffs, however, the trial court ordered the plaintiffs to draft a protective order allowing only the attorneys representing the parties and any expert witnesses to see the information produced by the petitioners.
On November 18, 2005, the petitioners filed the instant petition in this Court seeking a writ of mandamus directing the trial court to vacate its order compelling discovery. That same day, they filed an emergency motion with this Court seeking an immediate stay of all postjudgment discovery. This Court granted the petitioners' motion and ordered all postjudgment discovery stayed. The plaintiffs filed a brief in response to the petition on December 5, 2005, and the petitioners filed then-reply brief on December 12, 2005.
On December 16, 2005, the trial court conducted a hearing on the petitioners' renewed motion for judgment as a matter of law, their motion for a new trial, and/or for a remittitur. There is no indication whether the trial court expressly denied the motions for a judgment as a matter of law and for a new trial or whether it had decided to allow those motions to be denied by operation of law. Regardless, the trial court refused to entertain arguments on the petitioners' motion for a remittitur at the December 16 hearing, and on December 19, 2005, it denied the plaintiffs' motion for an additur. On December 21, 2005, the 91st day after each party had filed its postjudgment motion, all remaining *Page 510 
motions were denied by operation of law. See Rule 59.1, Ala. R. Civ. P. At that point, with no motions pending seeking either to increase or decrease the amount of the judgment, the evidence otherwise necessary to either defend or attack those motions ceased to be relevant. Thus, the very basis of the plaintiffs' postjudgment discovery motion evaporated.
The plaintiffs nevertheless filed with this Court a motion seeking an extension of time for the trial court to rule upon all postjudgment motions. We denied that motion and instead ordered supplemental answers from the parties explaining whether the discovery order had become moot.
In their response the plaintiffs clearly concede that the discovery order has become moot. Therefore, we grant the petition directing the Mobile Circuit Court to vacate its discovery order as moot.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and SEE, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] See Hammond v. City of Gadsden, 493 So.2d 1374
(Ala. 1986), and Green Oil Co. v. Hornsby,539 So.2d 218 (Ala. 1989).