COBB, Chief Justice.
 

 Brenda Williamson, the defendant in the underlying action, appealed from the denial of her postjudgment motions following a bench trial that resulted in a judgment against Williamson. On March 21, 2008, Fourth Avenue Supermarket, Inc. (“the Supermarket”), the plaintiff below, filed a motion to dismiss Williamson’s appeal as untimely. On April 15, 2008, this Court advised the parties that it would consider the motion to dismiss at the time of the submission of the case on the merits. The case has been submitted on the merits; we grant the motion and dismiss the appeal.
 

 Facts and Procedural History
 

 On August 5, 2004, the Supermarket sued Williamson, a former employee, seeking to recover money Williamson had allegedly embezzled from the Supermarket. On September 14, 2007, following a bench
 
 *1202
 
 trial in this case, the trial court found Williamson liable to the Supermarket for embezzlement and entered a judgment in favor of the Supermarket in the amount of $503,776.48.
 

 On Sunday, October 14, 2007, Williamson electronically filed consolidated post-judgment motions in which she sought various forms of postjudgment relief under Rules 52(b) and 59, Ala. R. Civ. P. The trial court did not rule on Williamson’s consolidated postjudgment motions, and they were denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. On February 26, 2008, Williamson filed a notice purporting to appeal from the denial by operation of law of her postjudgment motions.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. The Supermarket filed a motion to dismiss Williamson’s appeal as untimely. We now address the Supermarket’s motion to dismiss.
 

 Standard of Review
 

 “On questions of subject-matter jurisdiction, this Court is not limited by the parties’ arguments or by the legal conclusions of the trial and intermediate appellate courts regarding the existence of jurisdiction. Rather, we are obligated to dismiss an appeal if, for any reason, jurisdiction does not exist.
 
 See Ex parte Smith,
 
 438 So.2d 766, 768 (Ala.1983) (‘Lack of subject-matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject-matter jurisdiction
 
 ex mero motu.’
 
 (citing
 
 City of Huntsville v. Miller,
 
 271 Ala. 687, 688, 127 So.2d 606, 608 (1958))).”
 

 Ex parte Alabama Dep’t of Human Res.,
 
 999 So.2d 891, 894-95 (Ala.2008).
 

 Analysis
 

 “The filing of a timely notice of appeal is a jurisdictional act.”
 
 Painter v. McWane Cast Iron Pipe Co.,
 
 987 So.2d 522, 529 (Ala.2007) (citing
 
 Lewis v. State,
 
 463 So.2d 154, 155 (Ala.1985)). “An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.” Rule 2(a)(1), Ala. R.App. P.
 
 See also Ex parte Alabama Dep’t of Human Res.,
 
 999 So.2d at 895 (“[W]e are obligated to dismiss an appeal if, for any reason, [subject-matter] jurisdiction does not exist.” (citing
 
 Ex parte Smith,
 
 438 So.2d 766, 768 (Ala.1983))).
 

 Williamson argues that her notice of appeal filed on February 26, 2008, was timely because, according to Williamson, the 42-day period in which to file an appeal began to run on Tuesday, January 15, 2008, and ended on February 26, 2008. Williamson reasons that, because Rule 59.1, Ala. R. Civ. P., allows the trial court to rule on a postjudgment motion until the
 
 end
 
 of the 90th day following the filing of the motion, the motion cannot be deemed denied as a matter of law until 12:00 midnight on the day
 
 after
 
 the trial court fails to rule on the motion within the time specified in Rule 59.1, Ala. R. Civ. P. Williamson argues that, in her case, because the 90th day fell on the weekend of January 12-13, 2008,
 
 [1]
 
 
 *1203
 
 the last day of the period in which the trial court could rule was Monday, January 14, 2008. Therefore, according to Williamson, the time in which to file an appeal did not begin to run until 12:00 a.m. on January 15, 2008, immediately
 
 after
 
 the time for the trial court to rule on her motion expired; thus, she argues, her February 26, 2008, notice of appeal was timely filed 42 days from that date. In support of her argument, Williamson relies on
 
 Ex parte Leroy Hill Coffee Co.,
 
 937 So.2d 508, 509-10 (Ala.2006), in which this Court stated, “On [Wednesday,] December 21, 2005, the 91st day after each party had filed its post-judgment motion, all remaining [post-judgment] motions were denied by operation of law.”
 

 Despite the above statement in Leroy
 
 Hill Coffee,
 
 the language of the applicable rules of civil and appellate procedure, as well as the overwhelming majority of our caselaw both before and after
 
 Leroy Hill Coffee,
 
 makes clear that a postjudgment motion is not deemed to have been denied at some point in time
 
 after
 
 the trial judge fails to rule on the postjudgment motion by the end of the period specified in Rule 59.1; rather, absent a valid extension of the 90-day period specified in the Rule, the trial court’s failure to rule on the motion by end of the 90th day, in and of itself,
 
 is the same as
 
 a denial of the motion
 
 on that 90th day.
 
 Rule 59.1 states:
 

 “No post-judgment motion filed pursuant to Rules 50, 52, 55, or 59 shall remain pending in the trial court for more than ninety (90) days .... A failure by the trial court to dispose of any pending post-judgment motion within the time permitted hereunder, or any extension thereof,
 
 shall constitute a denial
 
 of such motion
 
 as of the date of the expiration of the period.”
 

 (Emphasis added.)
 
 See also, e.g., Rabb ex rel. Cobb v. Estate of Harris,
 
 953 So.2d 401, 403 & n. 1 (Ala.2006) (holding that a postjudgment motion filed on March 25, 2005, was denied by operation of law on June 23, 2005, the 90th day after the filing of the motion);
 
 State v. Redtop Market, Inc.,
 
 937 So.2d 1013, 1014 (Ala.2006) (plurality opinion) (holding that a post-judgment motion filed on February 27, 2004, was denied by operation of law on May 27, 2004, the date on which “the 90-day period during which a postjudgment motion may remain pending expired pursuant to Rule 59.1, Ala. R. Civ. P.”);
 
 New Addition Club, Inc. v. Vaughn,
 
 903 So.2d 68, 72 (Ala.2004) (“The trial court did not rule on the ... motion for a judgment as a matter of law or for a new trial. Therefore, pursuant to Rule 59.1, Ala. R. Civ. P., the motion was denied by operation of law 90 days after it was filed. ... [T]he [post-judgment] motion is deemed to have been filed on July 2, 2003. Ninety days later, on September 30, 2003, the motion was denied by operation of law.” (citing Rule 59.1, Ala. R. Civ. P.)(footnote omitted));
 
 Kmart Corp. v. Perdue,
 
 708 So.2d 106, 107 (Ala.1997) (“On the 91st day from the filing of these [postjudgment] motions, the trial court entered an order purporting to grant the motion for a new trial, holding that it had erred in denying the defendants’ objection to the general verdict forms. However, because the motion was not ruled on within 90 days, the motion was deemed to have been denied. Thus, the court’s order entered on the 91st day was a nullity.”);
 
 Richburg v. Cromwell,
 
 428 So.2d 621, 622 note (Ala.1983) (“Rule 59.1, [Ala. R. Civ. P.], provides that [postjudgment] motions, if not ruled upon by the trial judge, are deemed denied by operation of law as of the ninetieth day .... ”).
 

 To eliminate any confusion caused by contrary or imprecise language in previous caselaw, we now reiterate that, consistent with the express language of
 
 *1204
 
 Rule 59.1, Ala. R. Civ. P., a failure by the trial court to dispose of any postjudgment motion during the period specified in Rule 59.1 constitutes a denial of the motion
 
 “as of the date of the expiration of the
 
 period.” Rule 59.1, Ala. R. Civ. P. That is, a post-judgment motion not otherwise ruled upon is denied as a matter of law on the 90th day after the motion is filed, or, where applicable, on the last day of any extension of the 90-day period. The 42-day “time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.” Rule 4(a)(1), Ala. R.App. P. Thus, the time for filing a notice of appeal begins to run on the 90th day following the filing of a postjudgment motion, absent a ruling on the motion by the trial court or a valid extension of the 90-day period. To the extent
 
 Leroy Hill Coffee
 
 or any other previous case indicates otherwise, those cases are hereby expressly overruled.
 

 The expiration of the 90-day period during which Williamson’s postjudgment motions were allowed to remain pending in the trial court fell on the weekend of January 12-13, 2008. Therefore, Williamson’s postjudgment motions were denied by operation of law on Monday, January 14, 2008.
 
 See
 
 Rule 59.1, Ala. R. Civ. P. (providing that “[n]o post-judgment motion filed pursuant to Rules ... 52 ... or 59 shall remain pending in the trial court for more than ninety (90) days,” and that a trial court’s failure to dispose of any pending postjudgment motion within that time “shall constitute a denial of such motion”); Rule 6(a), Ala. R. Civ. P. (“In computing any period of time prescribed ... by these rules ... the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, ... in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.”);
 
 Richburg,
 
 428 So.2d at 622 note (“[I]n this case, the ninetieth day was a Sunday, and under Rule 6, [Ala. R. Civ. P.], the [post-judgment] motion would have been carried over to the ninety-first day.”). Accordingly, Williamson had until February 25, 2008, 42 days after January 14, 2008, to timely file a notice of appeal.
 
 See
 
 Rule 4(a)-(b), Ala. RApp. P. (allowing 42 days in which to appeal from the denial of a post-judgment motion, “to be computed from the date of denial of such motion by operation of law”). Williamson’s February 26, 2008, notice of appeal was not timely filed so as to invoke the jurisdiction of this Court.
 

 Therefore, we dismiss this appeal for lack of jurisdiction.
 
 See
 
 Rule 2(a), Ala. RApp. P. (mandating the dismissal of any appeal not timely filed so as to invoke appellate jurisdiction).
 

 APPEAL DISMISSED.
 

 SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 [1]
 

 . Both parties argue that Williamson’s motions should be deemed filed on Monday, October 15, 2007, because they were filed electronically on a Sunday. Under the facts of this case, we need not address the effect of Williamson's filing her postjudgment motions on a Sunday in determining how long her motions were considered "pending in the trial court” under Rule 59.1, Ala. R. Civ. P. Whether the motions are considered to have been "pending in the trial court,” Rule 59.1, Ala. R. Civ. P., beginning on Sunday, October 14, 2007, or on Monday, October 15, 2007, the expiration of the 90-day period would have fallen on the weekend of January 12-13, 2008. Thus, in either case, the motions were denied by operation of law on Monday, Janu
 
 *1203
 
 ary 14, 2008.
 
 See Richburg v. Cromwell,
 
 428 So.2d 621, 622 note (Ala.1983).