This is a paternity case.
The following pertinent pleadings and judgments are revealed by the record:
(1) A judgment was entered on December 22, 1986, by the circuit court which determined that the defendant was not the father of the child.
(2) The child's mother filed her motion for a new trial on January 20, 1987, which was denied by the trial court on January 27, 1987.
(3) The mother filed a Rule 60(b)(6), A.R. Civ.P., motion on March 5, 1987.
(4) On March 10, 1987, the mother filed her notice of appeal from the December 22, 1986, final judgment and from the denial on January 27, 1987, of her motion for a new trial
(5) On March 13, 1987, the trial court heard evidence as to the mother's Rule 60(b) motion, and the circuit court overruled that motion on that date.
Since the present notice of appeal concerns only the initial paternity proceedings, since the instant appeal was taken three days before the hearing and ruling upon the 60(b) motion, since the denial of a Rule 60(b) motion is appealable, and since the record before us does not disclose that an appeal was taken therefrom, we cannot here consider either the 60(b) evidence or any issue arising exclusively therefrom.
The following ore tenus evidence was presented at the initial trial before the circuit court. *Page 1323 
The mother of the child testified that she first met the defendant in September 1981, that their sexual relations commenced in February 1982 and continued until February 1983, that she believed that she became pregnant in February 1983 because that is when she missed her first period, and that she did not have sex with any man but the defendant during the time that she became pregnant. She carried the child for a full term, and her daughter was born on December 1, 1983.
She stated that she met Mr. Thomas in April 1983 and that she married him in June 1983. Thomas was aware of her pregnancy at the time of their marriage. Thomas was named as the father of the child on the child's birth certificate. He supported the child until May 3, 1985, when the Thomases were divorced. Their divorce judgment recited that the minor child born of the marriage was not the child of Thomas, such provision being pursuant to their pre-divorce agreement.
The defendant testified that he quit dating the mother in December 1982 and that he did not have sex with her after that time.
The trial court adjudged that the defendant was not the father of the child. The mother in her appellate brief admits that the trial court had no choice but to make that finding under the circumstances. However, she has two contentions which we may consider, both of which raise questions concerning the following Code section:
 "The child may be made a party to the action. If the child is a minor he shall be represented by his general guardian or a guardian ad litem appointed by the court, if not otherwise represented by counsel. The child's mother or father may not represent the child as guardian or otherwise. The court may appoint the public authority chargeable by law with the support of the child as guardian ad litem for the child. The natural mother, each man presumed to be the father under the provisions of section 26-17-5, and each man alleged to be the natural father, shall be made parties or, if not subject to the jurisdiction of the court, shall be given notice of the action in a manner prescribed by the court and an opportunity to be heard. The court may align the parties. (Acts 1984, No. 84-244, p. 374, § 11.)"
§ 26-17-11, Code 1975.
The mother first argues that, since she was married to Thomas at the time of the birth of her daughter, Thomas is legally presumed to be the child's father under § 26-17-5 and that he should have been made a party to the action because § 26-17-11,supra, requires that each man presumed to be the father be made a party if he is subject to the jurisdiction of the court.
We disagree with that contention in view of the divorce judgment which provided that the minor child born during the marriage was not Thomas's child. That divorce judgment effectively rebutted any presumption that Thomas was the father of the child under § 26-17-5(b), and it eliminated the requirement of § 26-17-11 that he be made a party to the paternity proceedings.
The mother next contends that the trial court erred since the child was not a party to these paternity proceedings and since no guardian ad litem was appointed to represent the child therein.
The Uniform Parentage Act and Alabama's version thereof differ. The uniform act contains a requirement that "[t]he child shall be made a party to the action" (emphasis supplied). 9B Uniform Laws Annotated, Uniform Parentage Act § 9, p. 312. However, the Alabama Uniform Parentage Act (AUPA) provides that the child may be made a party to the action. § 26-17-11, supra.
In this case, the Alabama State Department of Pensions and Security, the mother, the defendant, or the circuit could have made the child a party to these paternity proceedings, but no such action was taken by any of them. Such inaction did not constitute error, because the legislature of this state in passing the AUPA provided, in substance, that it is optional, not mandatory, for a child to be made a party in proceedings which are *Page 1324 
brought under the AUPA. § 26-17-11, supra.
The mother cites State v. Santos, 104 Wn.2d 142,702 P.2d 1179 (1985), in support of her contention. That case is not here applicable because of differences in the parentage acts of the two states. Washington's statute requires that children be parties to actions determining their paternity. Santos, 702 P.2d at 1182.
The provisions of § 26-17-11, supra, as to the representation of a child by a guardian ad litem, or otherwise, in paternity litigation are clearly referable to those cases where the child has been made a party to the action. Had the child been a party in this case, those requirements of that Code section would have applied, but since this child was not a party, the trial court was not required to comply therewith. Consequently, we do not find any error in this contention of the mother.
We affirm, since we find no error as to any issue which is before us. However, we desire to make it clear that we make no decision herein concerning whether the child is, or is not, bound by the judgment in this case, since the child is not a party to this litigation. See Ex parte Snow, 508 So.2d 266
(Ala. 1987).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.