This appeal involves an attempt to challenge the paternity of a child several years after paternity was legally determined by a divorce decree.
Glenn M. Powers (father) and Wanda Gayle Powers (mother) first divorced in October 1973. The two sons born of that marriage are not involved in the instant case. Subsequently, the mother married another man, Kenneth Black, and divorced him in February 1978. The mother and father remarried in March 1978, and in June 1978 the mother gave birth to another child, who is the subject of this action. In *Page 401 
1986, the father filed for divorce, alleging that "[t]he parties are the parents of two minor children [the older child had reached the age of majority] and [the father] has no objection to the [mother's] being awarded custody of the minor children subject to liberal and extended visitation by the [father] with his minor children at any and all reasonable times and places. . . ." Ultimately, the trial court divorced the parties, specifically finding the parties to be the parents of the two minor children, awarding custody to the mother subject to liberal visitation with the father, and setting support at $35 per week per child.
In April 1990, the mother filed a petition seeking an increase in child support, alleging the inadequacy of the present level of child support and a material change of circumstances. The father's answer admitted that they were the parents of the children; however, he later amended his answer, asserting for the first time, that he was not the natural father of the younger child; that at the time of their remarriage in 1978, the mother was pregnant, and that Black was the father of the child. Concomitantly, the father filed a motion to add Black as a third party. He requested that a hearing be set to determine the issue of paternity, and that a guardian ad litem be appointed for the child. The father also filed a motion to strike certain parts of his original answer wherein he admitted that the child was born to the parties during the marriage. Initially, the trial court granted the father's motion, ordered Black made a party, and appointed a guardian for the child. Following briefs and argument, the trial court entered its judgment denying the father's motion to add Black as a third party, and dismissing the father's counterclaim to determine paternity. In July 1992, the trial court ordered a modification of the child support obligation, a judgment favoring the mother for certain arrearage, and entered a separate income withholding order. The father appeals only the trial court's denial of his motion to add Black as a third party, presumably to attempt to establish Black's paternity of the child. The trial court apparently treated the father's motion as a petition to determine the paternity. We affirm.
Ala. Code 1975, § 26-17-5(a)(1), specifies the rule that a man is presumed to be the natural father of a child if he and the child's natural mother are married to each other and the child is born during the marriage. Ala. Code 1975, § 26-17-5(b), states that
 "A presumption of paternity under this section may be rebutted in an appropriate action only by clear and convincing evidence. In the event two or more conflicting presumptions arise, that which is founded upon the weightier considerations of public policy and logic, as evidenced by the facts, shall control."
Accordingly, the matter concerning the paternity of a child born during the marriage is a proper issue in a divorce action, and the presumption that the husband is the child's father may be rebutted at that time. See Evans v. Evans, 434 So.2d 254
(Ala.Civ.App. 1982). This is especially true because a divorce decree which designates a child to be "of the parties" is a paternity determination and precludes the parties from disputing the child's paternity in the future. D.D. v. C.L.D.,600 So.2d 265 (Ala.Civ.App. 1991); Stringer v. Sheffield,451 So.2d 320 (Ala.Civ.App. 1984). Thus a paternity adjudication in a divorce action, which is necessary for purposes of support and inheritance, is res judicata to the parties in the divorce action, but not binding on the child unless the child is a party. See Ex parte Martin, 565 So.2d 1 (Ala. 1989).
The 1986 divorce complaint filed by the father stated
 "(7) The parties are the parents of two minor children and [the father] has no objection to the [mother's] being awarded custody of the minor children subject to liberal and extended visitation by the [father] with his minor children at any and all reasonable times and places. . . ."
The resulting decree declared
 "4. The parties are the parents of two minor children and the [mother] is awarded custody of the minor children subject *Page 402 
to liberal and extended visitation by the [father] with his minor children at any and all reasonable times and places. . . ."
Clearly, the child's paternity was determined in the 1986 divorce decree and the doctrine of res judicata prevents the father from relitigating that issue. Therefore, the trial court's denial of the father's motion to add Black as a party for the purpose of determining paternity is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.