MONROE, Judge.
This is an appeal from a judgment establishing paternity and awarding child support.
In September 1977, a child, S.C., was born to A.C. while A.C. was married to W.C. A.C. and W.C. were divorced in 1983. The judgment of divorce did not contain an order regarding child support. On May 10, 1994, the trial court entered an order modifying that divorce judgment and finding that W.C. was not the child’s father; thereby rebutting the presumption under § 26-17-5, Ala.Code 1975, that W.C. was the father.
That same day, May 10, 1994, A.C. filed a complaint against E.J.B., alleging that he is the child’s father and seeking child support. E.J.B. responded with a motion to dismiss the case on the grounds of res judicata and laches, based on a summary judgment entered in his favor in the Macon County Juvenile Court in May 1987. A summary judgment was entered in that case, which was filed by the child, because W.C. was the presumed father of the child and that presumption had not been rebutted. The child’s mother, A.C., had also filed an earlier paternity action against E.J.B., but that action was voluntarily dismissed.
The trial court denied E.J.B.’s motion to dismiss on the grounds of res judicata and laches, and denied his subsequent motions to dismiss for failure to join W.C. as an indispensable party and for failure to appoint a guardian ad litem for S.C. On April 28, the trial court entered a final order finding E.J.B. to be the father and awarding child support in the amount of $392.56 per month. E.J.B. appeals.
E.J.B. first contends that this action filed against him by the mother is barred by res judicata. He argues that because there was a judgment in his favor in the paternity action brought by the child in 1987, this issue cannot be relitigated by the mother.
In order for the action brought by the child to be res judicata to the mother’s action, the following elements must be met: “ 1) the prior judgment was rendered by a court of competent jurisdiction; 2) the prior judgment was rendered on the merits; 3) the parties to both suits are substantially identical; and 4) the same cause of action is present in both suits.’” Ex parte Snow, 508 So.2d 266, 267 (Ala.1987) (citation omitted). “The doctrine of res judicata will not apply if any one of these elements is missing.” Id.
In Ex parte Snow, our supreme court held that, for the purpose of paternity actions under the Alabama Uniform Parentage Act (AUPA), § 26-17-1 et seq., Ala.Code 1975, the mother arid the child are not substantially identical parties. The court held that the interests of the child in establishing the exis *994 tence of the father and child relationship are different from the interests of the mother. The court suggested that the mother’s interests might include recovery of child support benefits and possibly the reasonable expenses of her pregnancy. However, the court said the child might have different interests, such as establishing the right to inherit from her father and acquiring a knowledge of her heritage and family medical history.
We note that in Ex parte Snow, the second action was brought by the child, and the court based its holding in part on reasoning that the child was now, under AUPA, presented with a remedy that she previously did not possess under the paternity statute, § 26-12-1 et seq., Ala.Code 1975 (repealed May 7, 1984), known as the de Graffenried Act, which was in effect at the time the mother filed her paternity action.
Although this case differs from Ex parte Snow in that the second action was brought by the mother, we are still compelled to follow our supreme court’s holding in Ex parte Snow that the mother and the child are not substantially the same parties for res judicata purposes in paternity actions. Therefore, we conclude that the trial court properly held that the doctrine of res judica-ta was not a bar to A.C.’s action.
E.J.B. also argues that A.C.’s action is barred by the doctrine of laches. However, “[i]t is well established that laches cannot be asserted as a bar to a paternity action.” T.K.S. v. State ex rel. M.S.B., [Ms. 2940256, July 28, 1995] — So.2d-(Ala.Civ.App.1995). “Under the AUPA, § 26-17-8(b), Ala.Code 1975, the only limitation for bringing a paternity action against a nonpre-sumed father is that it cannot be brought after the child reaches age 19.” Id. at-.
Next, E.J.B. contends that the trial court erred in not dismissing the case for failure to join the “presumed father,” W.C., as an indispensable party, pursuant to § 26-17-11, Ala.Code 1975. When there is a judgment holding that the presumed father is actually not the father, thereby rebutting the presumption of paternity under § 26-17-5, Ala.Code 1975, then that judgment eliminates the requirement under § 26-17-11 that he be made a party to any subsequent paternity proceedings, as he is no longer the “presumed father.” Thomas v. Callen, 521 So.2d 1322, 1323 (Ala.Civ.App.1987). E.J.B. contends that the May 10, 1994, order modifying W.C. and A.C.’s judgment of divorce to find that W.C. is not the child’s father should be declared a nullity. However, that order is not before this court for review. Therefore, we find no error in the trial court’s failure to dismiss the case because W.C. was not joined as an “indispensable party.”
The final issue raised by E.J.B. is whether the trial court erred in failing to appoint a guardian ad litem for the child. E.J.B. contends that § 26-17-11 mandates that a guardian ad litem be appointed for the child in an action determining the paternity of the child.
However, “[t]he provisions of § 26-17-11 ... as to the representation of a child by a guardian ad litem, or otherwise, in paternity litigation are clearly referable to those cases where the child has been made a party to the action.” Thomas v. Callen, supra, at 1324. If the child were a party in this case, the requirements of the Code section would apply and the child would be required to be represented by a guardian a litem or other counsel. However, because this child was not made a party to this action, the trial court was not required to appoint a guardian ad litem for the child. Id. Therefore, we find no error in the trial court’s failure to appoint a guardian ad litem for the child.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, and CRAWLEY, JJ., concur.
THIGPEN, J., concurs in the result only.