This is an appeal from a paternity determination in a divorce judgment. Terry Gann and Rebecca Gann were married on July 29, 1994. A child was born, on December 4, 1994. On July 31, 1995, the wife filed a complaint for divorce, seeking custody of the minor child, an equitable property division, and an attorney fee. The trial court entered a pendente lite order awarding custody of the minor child to the wife, awarding the husband visitation with the child, and ordering the husband to pay child support. On November 16, 1995, the husband filed a motion to dismiss the divorce proceedings on the grounds that the parties had reconciled. The trial court denied the motion and set the case for trial on December 19, 1995.
On December 14, 1995, the husband filed a motion for a test to determine the paternity of the minor child and requested that the divorce proceedings be continued until the result of the testing was available. The trial court granted the husband's motion, and the test was conducted on January 26, 1996. The paternity test results excluded the husband as the biological father of the minor child.
On March 20, 1996, the husband filed his answer and denied paternity of the minor child. On that same date, the husband filed a counterclaim for a divorce. On October 18, 1996, the husband filed a motion to add as necessary parties to the action two men who he alleged might be the natural father of the minor child. The trial judge denied that motion as untimely, at trial on October 22, 1996.
The trial court entered its order divorcing the parties on January 6, 1997. In its order, the trial court determined that the husband was the father of the minor child and ordered the husband to pay child support. On January 21, 1997, the husband filed a motion for a new trial, arguing that the trial court had erred in determining him to be the father of the minor child. On January 29, 1997, the wife filed a motion to have the husband held in contempt for failure to pay the child support obligation. The trial court heard testimony at a hearing on both motions; the trial court denied the husband's motion for a new trial, granted the wife's motion to find the husband in contempt for nonpayment of the child support obligation, and ordered the husband arrested and jailed until he purged himself of the contempt by paying the accrued obligation. The husband appeals, arguing that the trial court abused its discretion in determining that he is the father of the minor child.
Where a trial court receives ore tenus evidence in a divorce case, the judgment of the trial court based on its findings from conflicting evidence is entitled to a strong presumption of correctness. McGiffert v. McGiffert, 627 So.2d 972
(Ala.Civ.App. 1993). The trial court's judgment will be reversed only upon a showing that it is so unsupported by the evidence as to be plainly and palpably wrong. Gibbs v. Gibbs,653 So.2d 300 (Ala.Civ.App. 1994).
The determination of the issue of paternity is appropriate in a divorce proceeding and establishes the issue of paternity only as to the parties to the action; it precludes *Page 511 
those same parties from disputing the child's paternity at a later date. Powers v. State, 622 So.2d 400 (Ala.Civ.App. 1993). "Thus a paternity adjudication in a divorce action, which is necessary for purposes of support and inheritance, is res judicata to the parties in the divorce action, but not binding on the child unless the child is a party." Powers v.State, 622 So.2d at 401.
On appeal, the husband argues that he presented evidence that rebuts the presumption that he is the father of the minor child born during the parties' marriage. Section 26-17-5, Ala. Code 1975, provides:
 "(a) A man is presumed to be the natural father of a child if any of the following apply:
 "(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage. . . ."
This presumption of paternity may be overcome only by clear and convincing evidence. § 26-17-5(b), Ala. Code 1975. The "clear and convincing evidence" that rebuts the presumption that a man is the father of a child born during his marriage is evidence that tends to "show that it is naturally, physically, or scientifically impossible for the husband to be the father."D.D. v. C.L.D., 600 So.2d 265, 268 (Ala.Civ.App. 1991). Seealso Leonard v. Leonard, 360 So.2d 710 (Ala. 1978);Finkenbinder v. Burton, 477 So.2d 459 (Ala.Civ.App. 1985).
The husband presented to the trial court scientific evidence that conclusively excludes him as the father of the minor child. At trial, Dr. Leigh Ann Harmon, who has a Ph.D. in medical genetics and who is the associate director of the Genetic Diagnostic Laboratory at the University of Alabama at Birmingham, testified, based on the results of the paternity test, that the husband is not the biological father of the minor child. Dr. Harmon's testimony established that it is scientifically impossible for the husband to be the biological father of the minor child:
 "Q. Did you assign any percentage of probability of Mr. Gann not being the father?
 "A. An exclusion is what we consider an absolute.
There is no probability that a man is not the father of a child if he does not possess the genetic material required to be the biological father. By genetic law he can not be the father of the child, there is no probability associated with it.
 "Q. And your test excludes Terry Gann from being the father of [the minor child]?
"A. Yes, it does."
The husband established conclusively by clear and convincing evidence that it is scientifically impossible for him to be the father of the minor child, and he thereby rebutted the strong presumption in favor of his paternity. See Leonard v. Leonard, supra; D.D. v. C.L.D., supra; Finkenbinder v. Burton, supra. The trial court's finding that the husband is the father of the minor child is not supported by the evidence and is plainly and palpably wrong.
In her list of issues on appeal, the wife states that the husband's failure to add the child as a necessary party to the divorce proceeding or to request that the child be represented by a guardian ad litem "causes the presumption of [paternity] to prevail over [the husband's] effort to rebut same." However, the wife fails to argue this issue or to cite any supporting authority in her brief.
A child may be made a party to a paternity action, and if the child is named as a party, then a guardian ad litem must be appointed in order to protect the child's interests. §26-17-11, Ala. Code 1975; Thomas v. Callen, 521 So.2d 1322
(Ala.Civ.App. 1987). The interests of the wife and the minor child in the adjudication of the child's paternity are independent of each other. See Ex parte Snow, 508 So.2d 266 (Ala. 1987). In this case, only the wife's interests regarding the paternity of the minor child were affected. The minor child was not made a party to the proceedings, so the child's interests in the adjudication of his paternity were not implicated, and the appointment of a guardian ad litem was not required.
 "If the child were a party in this case, the requirements of the Code section [§ 26-17-11] would apply and the child would be required to be represented by a guardian *Page 512 
[ad] litem or other counsel. However, because this child was not made a party to this action, the trial court was not required to appoint a guardian ad litem for the child."
E.J.B. v. State ex rel. A.C., 669 So.2d 992 (Ala.Civ.App. 1995) (citations omitted).
The Supreme Court of Alabama has held that fundamental principles of fairness and due process are violated when a child is prevented from taking part in the determination of his or her paternity. See Ex parte Martin, 565 So.2d 1 (Ala. 1989) (holding that a paternity determination in which the child is not made a party and is not represented by a guardian ad litem is not binding on the child). Further, in a paternity action where the child is a party and is properly represented, the trial court can make a final determination of the parties' rights and prevent a relitigation of the paternity issue at a later date. Although the trial court is not required to do so, we believe that in a divorce action where paternity is at issue, the better practice is to join the child as a party to the action and for the trial court to appoint a guardian ad litem to represent the interests of the child.
Because the trial court erred in determining the husband to be the father of the minor child, the judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in the result.