MURDOCK, Judge.
This appeal concerns the propriety of a determination of paternity in a judgment of divorce. C.T.J. (“the husband”) and A.S.J. (“the wife”) were married in February 1996, and the wife gave birth to a child, K.L.N.J. (hereinafter “the child”), in May 1996. The husband filed a divorce complaint in February 1999 in the Jefferson County Circuit Court; in that complaint, he sought a judicial determination concerning the paternity of the child. Simultaneously, the father filed a “motion to establish paternity,” in which he averred (1) that temporary custody of the child had been awarded to M.N. and L.N., the child’s maternal grandparents, pursuant to an agreement and a consent judgment of the Jefferson County Circuit Court, in which agreement the husband had not been listed as the father of the child; (2) that the wife and the husband had not met until the wife was four months pregnant; and (3) that the wife had filed a divorce complaint in August 1996 stating that J.E.H. had claimed to be the biological father of the child and that J.E.H. was willing to acknowledge paternity.
On motion of the wife, the case was transferred to the St. Clair County Circuit Court (“the trial court”). After the case was transferred, the trial court on three occasions set, but did not hear, the motion to establish paternity. The wife filed an answer and a counterclaim for a divorce in which she averred that “[tjhere was one child born during the marriage”; the husband answered the counterclaim, specifically denying paternity. The trial court appointed a guardian ad litem to represent the child; the guardian sought and obtained a continuance of the proceeding to July 21, 2000. The following entry also appears on the case action summary sheet: “5/11/00 Set Blood test 6/19/00 9 AM.” However, on July 21, 2000, the trial court again continued the case “for Paternity Hearing,” to September 12, 2000.
The record contains a transcript of a hearing before the trial court; the transcript is dated September 9, 2000, three days before the date for which the “paternity hearing” had been scheduled. However, counsel for both parties appeared at that hearing, along with the guardian ad litem, and the wife and the husband testified concerning the issue of paternity, as well as other issues. The following exchange occurred during that hearing:
“Q. [Husband], at some point by order of this court you went down and took some blood test, didn’t you?
“A. Yes, ma’am.
“Q. And do you have knowledge as to whether or not that blood test excluded you from being the parent?
*63 “THE COURT: I don’t know that he is qualified to answer such a question.
“[Counsel for the wife]: I don’t have any objection to the introduction of that document.
“THE COURT: I assume the guardian ad litem does. They haven’t been—
“[Guardian ad litem]: Well, Judge, okay.
“THE COURT: It doesn’t matter to me whether the guardian ad litem does or doesn’t.
“[Guardian ad litem]: Well, I know. I maybe didn’t get clarified on what we are doing.
“THE COURT: We are holding a hearing on the merits of this case.
“[Guardian ad litem]: Yes, sir.
“THE COURT: If you are trying to offer that, then I’m not going to accept it.”
The trial court rendered a judgment divorcing the parties on September 12, 2000; the judgment declared the child to be “the minor child of the parties” and awarded custody of the child to the maternal grandparents; both the husband and the wife were directed to pay child support. That judgment was entered on February 7, 2001, and the husband appealed from that judgment.[1] Neither the wife nor the guardian ad litem has favored this court with an appellate brief.
Citing § 26 — 17—12(c), Ala.Code 1975, which addresses the timing of objections to the admission of genetic-testing results in a proceeding governed by the Alabama Uniform Parentage Act (“AUPA”), § 26-17-1 et seq., Ala. Code 1975, the husband first contends that the trial court abused its discretion in refusing to allow the admission of paternity-testing results at the September 9, 2000, hearing. However, there is no indication that the issue of the application of § 26-17-12(e) was presented to the trial court. “[T]he appellate courts will not reverse a trial court on any ground not presented to the trial court.” Rogers Found. Repair, Inc. v. Powell, 748 So.2d 869, 872 (Ala.1999).
The second and final issue raised by the husband is whether the evidence was sufficient to support the trial court’s judgment declaring paternity. We note that our review of this issue is governed by the principle that we will reverse the trial court’s judgment “only upon a showing that it is ... unsupported by the evidence [so] as to be plainly and palpably wrong.” Gann v. Gann, 705 So.2d 509, 510 (Ala.Civ.App.1997).
The transcript of the trial of this case is 14 pages long. That transcript reveals that the husband testified that when he first met the wife, she was already expecting the child, and that she was approximately four or five months into her pregnancy when they married. The husband further testified that he “knew from the beginning” that he was not the child’s father and that the wife had told him that J.E.H. was the father of the child. Further, the husband testified that the parties had separated two and a half years previously, that he had seen the child only once or twice during that period, and that he had not established a meaningful relationship with the child. Moreover, the wife testified that she had met the husband while she was three and a half months pregnant and had married him when she was four and a half months pregnant; that the fact of her pregnancy had been confirmed by a physician before the husband *64 and the wife started dating; and that she had previously filed a divorce complaint against the husband and in that complaint had named J.E.H. as the father of the child.
Section 26-17-5(a)(l), Ala.Code 1975, a portion of the AUPA, provides that when a child is born during the mother’s marriage, her husband will be presumed to be the father of the child. That presumption, while strong, is not “irrefutable,” but can be rebutted by “clear and convincing evidence.” S.T. v. C.T.T., 571 So.2d 1168, 1170 (Ala.Civ.App.1990); § 26-17-5(b), Ala.Code 1975. “The ‘clear and convincing evidence’ that rebuts the presumption that a man is the father of a child born during his marriage is evidence that tends to ‘show that it is naturally, physically, or scientifically impossible for [him] to be the father.’ ” Gann, 705 So.2d at 511; see also Evans v. Evans, 434 So.2d 254, 256 (Ala.Civ.App.1982) .(mother and putative father may testify to circumstances from which the putative father’s “non-access” to the mother may be inferred), cert. quashed, 434 So.2d 257 (Ala.1983).
In Gann, this court reversed the judgment of the trial court because that court had concluded that the husband of the mother in that case was the father of the mother’s child, despite a paternity test and expert evidence “conclusively excluding him as the father.” Id. Here, the trial court excluded the results of blood testing that could have been material in determining who was the father of the child; those results have not been made a part of this record. However, the remaining evidence clearly and convincingly demonstrates that it was physically impossible for the child to be the husband’s because the husband had had no access to the mother; it simply is undisputed that the child had already been conceived, and that the child was at least three months into her prenatal development, before the wife had even made the husband’s acquaintance. In contrast, no evidence in the record tends to show that the husband was, in fact, the natural father of the child.
We conclude, as we did in Gann, that “the husband established conclusively by clear and convincing evidence that it is ... impossible for him to be the father of the minor child, and [that] he thereby rebutted the strong presumption in favor of his paternity.” 705 So.2d at 511. We therefore must conclude that the trial court’s judgment declaring the husband to be the father of the child born during the parties’ marriage (and imposing an obligation of support upon the husband) was “plainly and palpably wrong,” and that it is due to be reversed. The cause is remanded for the entry of a judgment or for other proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. The husband filed a motion pursuant to Rule 60(b), Ala. R. Civ. P., on the same day as his notice of appeal; however, that filing is a nullity because leave of this court was not obtained. See Glenn v. Glenn, 740 So.2d 417 (Ala.Civ.App.1999).