BRYAN, Judge.
D.J.G. (“the husband”) appeals from a divorce judgment insofar as it ordered him to pay child support for K.R.G., the eldest of the three children born during his mar *71 riage to F.E.G. (“the wife”). We reverse and remand.
The husband and the wife married on June 14, 2006. Later that same month, the wife gave birth to K.R.G. The mother gave birth to a second child, K.O.G., in 2008, and a third child, K.J.G., in 2009. The husband and the wife separated in February 2010, and the wife sued the husband for a divorce on March 31, 2010. In her complaint, the wife alleged that she was better suited to serve as the primary physical custodian of K.R.G., K.O.G., and K.J.G., and she sought primary physical custody of the children and child support. The husband filed an answer denying that the wife was better suited to serve as the primary custodian of K.R.G., K.O.G., and K.J.G. and a counterclaim in which he sought a divorce, primary physical custody of K.R.G., K.O.G., and K.J.G., and child support. However, the husband subsequently filed a pleading alleging that, after filing his answer and counterclaim, he had had DNA testing performed on himself, K.R.G., K.O.G., and K.J.G. and that, although the DNA testing had confirmed that he was the biological father of K.O.G. and K.J.G., it had established that he was not the biological father of K.R.G. The husband’s pleading challenged the presumption that he was the father of K.R.G. arising from KR.G.’s. birth during the husband’s marriage to the wife and sought a determination that the husband was not the biological father of K.R.G.
At trial, before any witnesses were called to testify, the attorneys for the husband and the wife stated on the record that the husband and the wife were stipulating that the husband was not the biological father of K.R.G. In addition, the husband’s attorney stated that the husband was not seeking custody of K.R.G. and that he objected to paying child support for K.R.G. The wife’s attorney stated that the wife was seeking sole and exclusive custody of K.R.G. and that she was claiming that the husband was obligated to pay child support for K.R.G. despite the fact that he was not KR.G.’s biological father.
During the trial, in response to questions asked by her attorney, the wife testified as follows:
“Q. All right. Now, uh, you admit and you understand that your husband has gone out and gotten a DNA test as to [K.R.G.], right?
“A. Correct.
“Q. And we stipulated and agreed that that DNA test be admitted here in this Court. You know that, right?
“A. Yes.
“Q. All right. And you don’t contest the results of that DNA test, do you?
“A. No, sir.
“Q. All right. You understand that [the husband] is not the biological father of [K.R.G.], right?
“A. Correct.”
Following the trial, the trial court entered a divorce judgment on April 12, 2011. The divorce judgment did not make an express determination regarding whether the husband was the father of K.R.G.; however, it stated:
“1. The [wife] is awarded care, custody and control of [K.R.G.], date of birth June ... 2006.
“2. The [wife] and the [husband] shall share joint legal custody of [K.O.G.], date of birth, March ... 2008 and [K.J.G.], date of birth, August ... 2009; however, the [wife] shall be deemed the primary physical custodian of said children.
“8. The [husband] is awarded visitation with all the above named children per the terms of the ‘Standard Custody and Visitation Order’ attached to this order, *72 made a part of this order, and identified as exhibit ‘A’; except however,
“(a) The [husband] is not entitled to mid-week visitations, and
“(b) Exchanges for visitations lasting more than 24 hours shall continue to take place at the Alabama Welcome Center on Interstate Highway 65.
“The parties may alter these visitation rights by agreement of both parties.
“4. For the use and benefit of all said minor children, the [husband] shall pay to the [wife] the sum of $415.08 per month as child support....
“5. The [wife] shall be responsible for 1/2 of any uninsured medical, optical, and dental expenses of said children and the [husband] shall be responsible for 1/2 of said expenses. Either party shall reimburse the other party for his/ her portion of said expenses within 30 days after the party paying the expenses presents the other party with a copy of a statement, invoice, or bill and a copy of the receipt or canceled check showing that it was, in fact, paid.
“6. The [wife] shall claim the children as dependents in even numbered tax years, and the [husband] shall claim the children as dependents in odd numbered tax years. The parties shall cooperate in completing the IRS documentation necessary to establish such dependent claims.”
(Emphasis added.)
On May 10, 2011, the husband filed a Rule 59, Ala. R. Civ. P., postjudgment motion. Among other things, the post-judgment motion asserted that the trial court had erred because, the husband said, despite his proving that he was not the biological father of K.R.G., the trial court had ordered him to pay child support for K.R.G., had ordered him to pay one-half of KR.G.’s uninsured medical and dental expenses, and had authorized him to claim K.R.G. as a dependent for tax purposes in alternating years. On May 11, 2011, the trial court set the husband’s Rule 59 motion for hearing on June 22, 2011. On June 22, 2011, the trial court initialed an entry on the case-action summary noting that only the wife’s attorney had appeared at the hearing that day and denying the husband’s Rule 59 motion; however, that order was never entered in the State Judicial Information System (“the SJIS”). On June 23, 2011, the husband moved the trial court to set aside its order denying the husband’s Rule 59 motion on the ground that his attorney had not been notified of the June 22, 2011, hearing. On June 24, 2011, the trial court initialed an entry on the case-action summary setting aside its June 22, 2011, order denying the husband’s Rule 59 motion and setting a hearing on that motion for July 27, 2011; however, the only portion of that order that was entered.in the SJIS was the portion setting the hearing for July 27, 2011. On June 28, 2011, the trial court rendered a written order denying the husband’s Rule 59 motion; however, that order was never entered in the SJIS. On September 16, 2011, the husband appealed to this court.
We must first determine whether the husband’s notice of appeal was timely filed because a tardy notice of appeal would not invoke the jurisdiction of this court. See Rule 2(a)(1), Ala. R.App. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”); and Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1202 (Ala.2009) (“ ‘The filing of a timely notice of appeal is a jurisdictional act.’ ” (quoting Painter v. McWane Cast Iron Pipe Co., 987 So.2d 522, 529 (Ala.2007))). The filing of the husband’s Rule 59 motion suspended the running of the 42-day period for the husband to file his notice of appeal until that *73 motion was ruled upon. See Rule 4(a)(3), Ala. R.App. P.:
“The filing of a post-judgment motion pursuant to Rules 50, 52, 55, or 59 of the Alabama Rules of Civil Procedure (ARCP) shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.”
Because neither the trial court’s June 22, 2011, order denying the husband’s Rule 59 motion nor the trial court’s June 28, 2011, order denying that motion was entered in the SJIS, neither of those orders had any legal effect. See Gilliam v. Gilliam, 43 So.3d 615, 618 (Ala.Civ.App.2010) (“A[n order], although it has been rendered, is not considered effective until it has been entered within the meaning of Rule 58(c)[, Ala. R. Civ. P.].”); and Rule 58(c), Ala. R. Civ. P. (“An order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.”). Rule 59.1, Ala. R. Civ. P., provides that, subject to exceptions not here applicable, a Rule 59 postjudgment motion may not remain pending for more than 90 days and that, if the trial court fails to rule on the motion within the 90-day period, the motion is deemed to be denied “as of the date of the expiration of the [90-day] period.” In Williamson v. Fourth Avenue Supermarket, Inc., 12 So.3d at 1203-04, the supreme court stated:
“To eliminate any confusion caused by contrary or imprecise language in previous caselaw, we now reiterate that, consistent with the express language of Rule 59.1, Ala. R. Civ. P., a failure by the trial court to dispose of any post-judgment motion during the period specified in Rule 59.1 constitutes a denial of the motion ‘as of the date of the expiration of the period.’ Rule 59.1, Ala. R. Civ. P. That is, a postjudgment motion not otherwise ruled upon is denied as a matter of law on the 90th day after the motion is filed, or, where applicable, on the last day of any extension of the 90-day period. The 42-day ‘time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1.’ Rule 4(a)(1), Ala. R.App. P. Thus, the time for filing a notice of appeal begins to run on the 90th day following the filing of a postjudgment motion, absent a ruling on the motion by the trial court or a valid extension of the 90-day period. To the extent [Ex parte ] Leroy Hill Coffee [Co., 937 So.2d 508, 509-10 (Ala.2006),] or any other previous case indicates otherwise, those cases are hereby expressly overruled.”
Accordingly, in the ease now before us, the trial court’s failure to enter a ruling on the husband’s Rule 59 motion in accordance with Rule 58(c), Ala. R. Civ. P., before the expiration of 90 days from the filing of the motion resulted in the denial of the motion as of the date of the expiration of that 90-day period. The husband’s Rule 59 motion was filed on May 10, 2011; therefore, it was denied by operation of law on August 8, 2011, the 90th day after it was filed. The husband then had 42 days from August 8, 2011, to file his notice of appeal. See Rule 4(a)(3), Ala. R. Civ. P. He filed his notice of appeal on September 16, 2011, *74 the 39th day after August 8, 2011. Therefore, his notice of appeal was timely filed, and this court has jurisdiction over his appeal.
The husband argues that the trial court erred in ordering him to pay child support for K.R.G. because, he says, he rebutted the presumption that he was the father of K.R.G. arising from KR.G.’s birth during the husband’s marriage to the wife by clear and convincing evidence proving that he was not the biological father of K.R.G. Because the trial court received evidence ore tenus, our review is governed by the following principles:
“ ‘ “ ‘[W]hen a trial court hears ore tenus testimony, its findings on disputed facts are presumed correct and its judgment based on those findings will not be reversed unless the judgment is palpably erroneous or manifestly unjust.”” Water Works & Sanitary Sewer Bd. v. Parks, 977 So.2d 440, 443 (Ala.2007) (quoting Fadalla v. Fadalla, 929 So.2d 429, 433 (Ala.2005), quoting in turn Philpot v. State, 843 So.2d 122, 125 (Ala. 2002)). ‘“The presumption of correctness, however, is rebuttable and may be overcome where there is insufficient evidence presented to the trial court to sustain its judgment.” ’ Wattman v. Rowell, 913 So.2d 1083, 1086 (Ala.2005) (quoting Dennis v. Dobbs, 474 So.2d 77, 79 (Ala.1985)). ‘Additionally, the ore tenus rule does not extend to cloak with a presumption of correctness a trial judge’s conclusions of law or the incorrect application of law to the facts.’ Waltman v. Rowell, 913 So.2d at 1086.”
Retail Developers of Alabama, LLC v. East Gadsden Golf Club, Inc., 985 So.2d 924, 929 (Ala.2007).
“If an issue of non-parentage is raised in a domestic relations action in this state, a court of this state having jurisdiction over the domestic relations action shall have the authority to adjudicate parentage or non-parentage pursuant to this chapter.” § 26-17-104, Ala.Code 1975. Accordingly, in the case now before us, the trial court had jurisdiction to determine whether the husband was the father of K.R.G.
The husband was the presumptive father of K.R.G. because K.R.G. was born during the husband’s marriage to the wife. See § 26-17-204(a)(l), Ala.Code 1975 (“A man is presumed to be the father of a child if: (1) he and the mother of the child are married to each other and the child is born during the marriage.”). However, a presumptive father may rebut the presumption that he is the father of the child by introducing clear and convincing evidence establishing that he is not the biological father of the child. See § 26-17-607(a), Ala. Code 1975 (“[A] presumed father may bring an action to disprove paternity at any time.”); and § 26-17-607(b), Ala.Code 1975 (“A presumption of paternity under this section may be rebutted in an appropriate action only by clear and convincing evidence.”).
In Gann v. Gann, 705 So.2d 509, 511 (Ala.Civ.App.1997), a case decided under the statutory predecessor of § 26-17-607(b), which, like § 26-17-607(b), provided that a presumption of paternity could be rebutted by “clear and convincing evidence,” this court stated that “[t]he ‘clear and convincing evidence’ that rebuts the presumption that a man is the father of a child born during his marriage is evidence that tends to ‘show that it is naturally, physically, or scientifically impossible for the husband to be the father.’ ” (Quoting D.D. v. C.L.D., 600 So.2d 265, 268 (Ala.Civ. App.1991).) In the case now before us, the wife’s admission that DNA testing had established that the husband was not the biological father of K.R.G. constituted “evidence that tends to ‘show that it is ... *75 scientifically impossible for the husband to be the father’” of K.R.G. Consequently, we conclude that the husband rebutted the presumption that he was the father of K.R.G. arising from KR.G.’s birth during the husband’s marriage to the wife.
In C.T.J. v. A.S.J., 816 So.2d 61, 64 (Ala.Civ.App.2001), this court held that, because clear and convincing evidence in that case established that it was impossible for the husband to be the father of a child born during his marriage to the wife, “the trial court’s judgment declaring the husband to be the father of the child during the parties’ marriage (and imposing an obligation of support upon the husband) was ‘plainly and palpably wrong[ ]’ and ... is due to be reversed.” (Emphasis added.)
In the case now before us, the divorce judgment did not expressly determine whether the husband was the father of K.R.G.; however, it impliedly determined that the husband was the father of K.R.G. because it (1) granted the husband visitation with K.R.G., (2) ordered the husband to pay child support for K.R.G. and to pay one-half of KR.G.’s uninsured medical, optical, and dental expenses, and (3) authorized the husband to claim K.R.G. as a dependent for tax purposes in odd-numbered years. Those provisions of the divorce judgment are inconsistent with a determination that the husband is not the father of K.R.G. See C.T.J. v. A.S.J. (holding that the trial court had erred in imposing an obligation to pay child support when clear and convincing evidence established that the husband was not the father of the child). We conclude that the trial court erred in impliedly determining that the husband was the father of K.R.G. because, as discussed above, the wife’s admission that DNA testing had established that the husband was not the father of K.R.G. constituted clear and convincing evidence rebutting the presumption that the husband was the father of K.R.G. Moreover, because clear and convincing evidence established that the husband was not the father of K.R.G., the trial court erred in ordering the husband to pay child support for K.R.G. Id. Accordingly, we reverse the judgment of the trial court insofar as it (1) impliedly determined that the husband was the father of K.R.G. and (2) ordered the husband to pay child support for K.R.G., and we remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ„ concur.